KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from an order entered by the trial court dismissing their complaint with prejudice. We reverse.
Appellant Celestina Perez was injured while walking on a sidewalk when she stepped on a concrete cover of a water meter. The cover allegedly gave way causing her to-fall and incur personal injuries. Subsequently she filed suit against the City of Miami, Metropolitan Dade County (County), and the Miami Dade Water and Sewer Authority (Authority). Pursuant to its motion for summary judgment, the City of Miami was eliminated from the action and is not a party to this appeal. Thereafter, the remaining parties, appellees Dade and the Authority, filed motions to dismiss contending that appellants’ amended complaint failed to state a cause of action because it failed to show compliance by them with Section 2-2 of the Code of Metropolitan Dade County (Code), i. e., the giving of the required notice of claim within 60 days after the accident. This Section provides as follows:
“SEC. 2-2. SUITS FOR DAMAGES AGAINST COUNTY, NOTICE.
“No suits shall be maintained against the county for damages to persons or property or for wrongful death arising out of any tort unless written notice of claim shall first have been given to the clerk of the commission, 240 Dade County Courthouse, within sixty (60) days after the date of receiving the injury or damage alleged, specifying the name and address of the person injured or of the owner of the property damaged, the date, time, place and circumstances of the injury or damage, the nature of the injury or damage and the amount claimed as damages.”
After a hearing, etc., the trial court entered an order granting the motions to dismiss. From this order appellant appeals.
Appellants sole point on appeal is that they were not required to comply with the notice requirements of Section 2-2 because of the following provision of Section 768.28, Florida Statutes (1977):
“(6) An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the department of insurance, within three years such claim accrues and the department of insurance or the appropriate agency denies the claim in writing. The failure of the department of insurance or the appropriate agency to make final disposition of a claim within six (6) months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to section 768.14, Florida Statutes.”
In our recent opinion in Scavella v. Fernandez, 371 So.2d 535 (Fla. 3d DCA 1979), this court reasoned that the 60 day notice provision of Section 2-2 of the Code is in conflict with the three year notice period provided by Section 768.28(6).
Based upon such conflict, this court held the 60 day notice provision of Section 2-2 to be invalid.
Because the Scavello case is on point with the issue presented by this appeal, the order entered by the trial court dismissing appellants’ complaint with prejudice must be reversed.
Reversed.