371 So.2d 535 (1979)
Sonja SCAVELLA, Appellant,
v.
Gilbert FERNANDEZ and Metropolitan Dade County, Jointly and Severally, Appellees.
No. 78-1639.
District Court of Appeal of Florida, Third District.
May 29, 1979.
William N. Hutchinson, Jr., Miami, for appellant.
Stuart L. Simon, County Atty., and Mark A. Dresnick, Asst. County Atty., for appellees.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The plaintiff-appellant's complaint for personal injury damages against Dade County was dismissed with prejudice because it did not allege compliance with the 60 day notice requirement of Section 2-2 of the Metropolitan Dade County Code. Since we hold that Section 2-2 is invalid as in conflict with the three year notice period provided by Section 768.28(6), Florida Statutes (1977), the judgment of dismissal under review is reversed.
The accident in question, in which a Dade County motor vehicle struck a car driven by the plaintiff Scavella, occurred on January 17, 1977. In this action, filed as against the county[1] pursuant to Section 768.28, Florida Statutes (1977), the comprehensive statute in which sovereign immunity in tort actions has been waived by the legislature, the *536 plaintiff alleged that she had given notice of the claim to the county on May 8, 1978. The notice was thus well within the period specifically provided by Section 768.28(6), which states:
"(6) An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the department of insurance, within 3 years after such claim accrues and the department of insurance or the appropriate agency denies the claim in writing." [emphasis supplied]
The action was nonetheless dismissed because the notice was obviously not given within the period provided in Section 2-2 of the County Code as follows:
"Sec. 2-2. Suits for damages against county, notice.
No suits shall be maintained against the county for damages to persons or property or for wrongful death arising out of any tort unless written notice of claim shall first have been given to the clerk of the commission, 240 Dade County Courthouse, within sixty (60) days after the date of receiving the injury or damage alleged, specifying the name and address of the person injured or of the owner of the property damaged, the date, time, place and circumstances of the injury or damage, the nature of the injury or damage and the amount claimed as damages." [e.s.]
Under the Home Rule Amendment, Dade County may not enact an ordinance which is in "conflict with this Constitution or any such applicable general law ..." Art. VIII, § 6(2), Fla. Const. of 1968 (reenacting Art. VIII, § 11(5), Fla. Const. of 1885). The sole issue presented on this appeal by the plaintiff from the order of dismissal is thus whether Section 2-2 is in "conflict" with Section 768.28(6). It is.
As was said in Jordan Chapel Freewill Baptist Church v. Dade County, 334 So.2d 661, 664 (Fla. 3d DCA 1976):
"The word `conflict' in Article VIII, Section 11(5) has been construed to mean `contradictory in the sense of legislative provisions which cannot co-exist'. E.B. Elliott Advertising Co. v. Metropolitan Dade County, 425 F.2d 1141, 1150 (5th Cir.1970). State ex rel. Dade County v. Brautigam, 224 So.2d 688 (Fla. 1969)."
It seems obvious that, under this definition, the two provisions in question here cannot co-exist. One need only put them side by side in order to make this determination. The state statute gives 3 years to file a claim; the ordinance 60 days to file the same claim for the same thing against the same entity. The county thus purports to take away 2 years and 10 months of time which the state has granted. The conflict between the statute and the ordinance is no less than self-evident. Hence, the ordinance must fall.
In arguing otherwise, the county relies heavily upon the statement in the Jordan Chapel Freewell Baptist Church case, supra, that "legislative provisions are inconsistent if, in order to comply with one provision, a violation of the other is required." Based on this statement it contends that one may comply with both the ordinance and the statute, merely by giving notice within 60 days. This argument is entirely unsound, primarily because the type of legislation involved in Jordan Chapel, and in E.B. Elliott Advertising Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir.1970), cert. denied, 400 U.S. 878, 91 S.Ct. 12, 27 L.Ed.2d 35 (1970), upon which Jordan Chapel was based, differs so greatly from that involved in this case. Both of the cited cases held that the state's enactment of prohibitory-regulatory legislation dealing in the Elliott case with the location of billboards, and in Jordan Chapel with the playing of bingo, were not in "conflict" with more stringent Dade County requirements. In the Elliott case, the court pointed out, at 425 F.2d 1150:
"Section 479.15, supra, clearly indicates that Chapter 479 was designed to establish minimum regulations for the outdoor advertising business and does not prevent, *537 but rather leaves the way open and encourages stricter regulations by other governmental agencies in the lawful exercise of their power."
Similarly, the court said in the Jordan Chapel case, at 334 So.2d 664:
"The regulations provided by the state constitute minimum regulations. This Court has not found, and the plaintiff has not cited any language in the statute which can be deemed a prohibition on additional stricter regulations by local government agencies, such as are contained in the Dade County ordinance."
The issue of conflict as to the type of legislation involved in Jordan Chapel and Elliott was well stated in Village of Struthers v. Sokol, 108 Ohio 263, 140 N.E. 519, 521 (1923):
"No real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa. There can be no conflict unless one authority grants a permit or license to do an act which is forbidden or prohibited by the other. No act is either expressly or inferentially permitted or licensed by either of the ordinances, or the statutes. On the contrary, all acts referred to are forbidden and penalties imposed for violations." [e.s.]
This doctrine has no application to the present situation, in which the state has not "forbidden" anything or enacted a law which, in the sense used in Jordan Chapel, may be "violated" by anybody.[2] It has, in effect, granted a plaintiff permission, or the right to take three years to file a claim; the county may not therefore validly prohibit the exercise of any part of that right or restrict any portion of that permission.
Far more pertinent to the present issue is Loewenberg v. Fidelity Union Casualty Co., 147 So. 81, 90 (La. App. 1933) in which the court invalidated a local ordinance which prohibited a person under 16 from driving as in conflict with a state statute fixing the age at 14. The court held
"When the law of the state provides that it is unlawful for a person under fourteen years of age to drive an automobile on the highways of the state, it is equivalent to stating that it is lawful for a person over fourteen years of age to drive an automobile on the highways of the state, and therefore an ordinance of a municipality that attempts to make it unlawful for a person over fourteen years to drive on the highways of the statute [sic] is in conflict with the general law, and of no effect. Schneiderman v. Sesanstein, 121 Ohio St. 80, 167 N.E. 158, 64 A.L.R. 981."
Accord: Schneiderman v. Sesanstein, 121 Ohio St. 80, 167 N.E. 158 (1929) (invalidating local 15 m.p.h. speed limit as in conflict with statute providing that over 15 m.p.h. shall be only prima facie evidence of excessive speed). Applying these principles, in Purdy v. Woodard, 369 So.2d 105 (Fla. 3d DCA 1979), this court recently affirmed the invalidation of Sec. 21-15 of the Dade County Code, which provided a one-year term for a permit to carry a concealed firearm. Over precisely the same arguments presented in this case, it was held that the ordinance was in conflict with Section 790.06, Florida Statutes (1977), which provides for a two-year term. See also Iley v. Harris, 345 So.2d 336 (Fla. 1977); Atty. Gen. Op. 76-9 (1976). The same reasoning applies here. What the legislature hath granted, the commission may not take away  even in part.[3]
*538 For these reasons, the final order below is reversed and the cause remanded for further consistent proceedings.
Reversed and remanded.
NOTES
[1] The plaintiff also sued the driver, Gilbert Fernandez. The action against him is of course not affected by the notice issue.
[2] If the statute in the Elliott case had stated that signs "will be permitted" a given distance from the street, or, in Jordan Chapel, that games of a certain type are "hereby made lawful" in Florida, no one would argue that the county could nonetheless restrict the distances or forbid the games thus directly authorized by the state. The statement in Jordan Chapel that the test of conflict is whether one must violate one of the state provisions in order to obey the ordinance is to be applied only to regulatory legislation of the kind with which the courts were directly dealing in that case, in Elliott, and in Metropolitan Dade County v. Rockmatt Corp., 231 So.2d 41 (Fla. 3d DCA 1970), which is also cited by the county.
[3] It may be significant that the supreme court's recent opinion in Cheney v. Dade County, 371 So.2d 1010 (Fla. 1979) discusses only the notice provisions of Section 768.28(6), and does not even mention Section 2-2.