SCHWARTZ, Judge.
On December 17, 1974, while a patient at Jackson Memorial Hospital, the plaintiff-appellant, Barbara Cooper, was allegedly injured by the negligence of Dade County hospital employees. She did not give notice of her claim to Dade County within 60 days of the injury as provided by § 2-2, Dade County Code. Solely because of this admitted fact, the trial judge directed a verdict in favor of the defendant-appellee, Dade County. Ms. Cooper appeals from the re- *222 suiting judgment entered against her. We reverse.
The parties have expressly stipulated that the result in this case turns entirely upon the validity of § 2-2 on the date of the incident in question. We have concluded that the code provision was invalid from the time of its adoption in 1958 because it conflicted with Section 95.08, Florida Statutes (1965). That statute, which was first enacted in 1877 and which was repealed effective January 1, 1975, provided:
“Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented.”
In Scavella v. Fernandez, 371 So.2d 535 (Fla.3d DCA 1979), we held that § 2-2 was in conflict with the three-year notice provision of Section 768.28(6), Florida Statutes (1977) and was therefore invalid under the Home Rule Amendment to the Florida Constitution. Art. VIII, § 11(5), Fla.Const. of 1885 (re-enacted as Art. VIII, § 6(e), Fla. Const, of 1968). Accord, Baradat v. Metropolitan Dade County, 377 So.2d 256 (Fla.3d DCA 1979); Verhunce v. Metropolitan Dade County, 374 So.2d 640 (Fla.3d DCA 1979); Perez v. Miami Dade Water & Sewer Authority, 372 So.2d 185 (Fla.3d DCA 1979). Because Section 768.28 did not become effective until January 1, 1975, 15 days after the accident in question, the holding in Scavella is not directly controlling. Its reasoning, however, is.
Section 768.28(6) provides that no tort action shall lie against a governmental body “unless” a claim is filed within three years; Section 95.08 provided that a claim against a county is barred “if not presented” within one year. Contrary to the appellee’s contention here, we are unable to detect any meaningful distinction between the two statutes which could lead to a result concerning the effect of Section 95.08 on § 2-2, which is contrary to Scavel-la’s conclusion as to Section 768.28(6). This view is strengthened by the fact that Section 95.08 was repealed by Ch. 74-382, § 26, Laws of Fla., as of January 1, 1975, the effective date of Section 768.28. This legislative action clearly indicates that, at least as to tort claims against counties, the three year period in Section 768.28(6) was simply substituted for the one-year notice provision of Section 95.08. Thus, just as it was held in Scavella[1] that the county could not validly shorten the three-year claim period granted by the legislature in Section 768.-28(6), so it could not restrict the one-year period for filing the same claim, see Waite v. Dade County, 74 So.2d 681 (Fla.1954); Kahl v. Board of County Commissioners of Dade County, 162 So.2d 522 (Fla.3d DCA 1964),[2] previously granted by Section 95.08.
Essentially for the reasons stated in Scav-ella, we therefore hold that § 2-2 was invalid on December 17, 1974. Accordingly,[3] the *223 judgment below is reversed and the cause remanded for trial.
Reversed and remanded.

. Kelso v. Board of Education, 42 Cal.App.2d 415, 109 P.2d 29 (1941) provides additional and square authority for our holdings in Scavella and in this case that a local government may not validly specify a shorter period for the filing of a tort claim than the one provided by state law. See generally Eastlick v. City of Los Angeles, 29 Cal.2d 661, 177 P.2d 558 (1947); cf. also Stephens v. Board of County Commissioners of Okaloosa County, 278 So.2d 269 (Fla.1973).

. While this court has enforced § 2-2 in the Kahl case and others it has never before been presented with the contention that the code provision was invalidly in conflict with Sec. 95.08.

. At the oral argument, the court evinced a concern that the issue presented by the parties might be moot if it were shown that the plaintiff did not give notice even within the one-year period provided by Sec. 95.08. After the receipt of supplemental briefs on the question, we have determined otherwise. Ms. Cooper was not required to comply with Sec. 95.08 simply because it was repealed without a savings clause on January 1, 1975, before the year expired. Tel Service Co. v. General Capital Corp., 227 So.2d 667 (Fla.1969); Yaffee v. International Co., 80 So.2d 910 (Fla.1955).
Moreover, the repeal of Sec. 95.08 did not serve to validate § 2-2 as to pre-1975 incidents. Since it was invalid ab initio, the code provision could not be “revived” by any subsequent legislative activity. State ex rel. Blalock v. Lee, 146 Fla. 385, 1 So.2d 193 (1941); see also Niesel v. Moran, 80 Fla. 98, 85 So. 346 (1920); 73 Am.Jur.2d Statutes § 428, n. 42 (1974); compare Butler v. Goreley, 146 U.S. 303, 13 S.Ct. 84, 36 L.Ed. 981 (1892). This is all the more *223 clearly the case because Sec. 95.08 was, simultaneously with its repeal, replaced by Sec. 768.-28(6), which also conflicts with and thus invalidates § 2-2. That provision has therefore never enjoyed a period of validity. See Goldenberg v. Dome Condominium Association, 376 So.2d 37 (Fla.3d DCA 1979).