402 So.2d 602 (1981)
The CITY OF HIALEAH, a Municipality, Appellant,
v.
Raul MARTINEZ, Councilman for the City of Hialeah, Appellee.
No. 81-944.
District Court of Appeal of Florida, Third District.
August 27, 1981.
Ralph Miles, City Atty., for appellant.
McDermott, Will & Emery and Byron B. Mathews, Jr., Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
Raul Martinez is a City of Hialeah councilman whose term of office is due to expire on November 13, 1981. He wants to run in the general election to be held on November 10, 1981, for the position of Mayor of the City of Hialeah for the term beginning November 13, 1981. Section 44.01 of the Charter of the City of Hialeah provides:
"Any elected official ... of the City of Hialeah shall resign from his city office before he may seek, accept appointment to, or hold any other position under the city government for the City of Hialeah."
Faced with the City's assertion that its charter required Martinez to resign effective no later than September 11, 1981, the last day upon which one could qualify to run for the office of Mayor, Martinez sued in the Dade County Circuit Court for a *603 judgment declaring that pursuant to Section 99.012(2), Florida Statutes (1981),[1] he could run for the office of Mayor without first resigning his councilman's position or, alternatively, if resignation were required, it could be made effective "not later than the date upon which he would assume office, if elected to the office to which he seeks to qualify, the expiration date of the term of the office which he presently holds, or the general election day at which his successor is elected, whichever occurs earliest,"[2] as provided in Section 99.012(2), Florida Statutes (1981). The trial court granted Martinez's motion for summary judgment,[3] holding, in pertinent part, that:
... .
"2. This Court construes Section 44.01 of the City Charter of Hialeah to require the resignation of the Petitioner to be made effective no later than the date upon which Petitioner would assume the office of Mayor, if he were to be elected to said office, the expiration date of the office which he presently holds, or the general election date at which his successor is elected, whichever of said dates occurs earliest.
"3. This Court further construes Section 44.01 of the City Charter of Hialeah to require the Petitioner to resign as stated in Paragraph 2 of this Order the moment he qualifies to run for the office of Mayor in the City of Hialeah, in the manner in which the City of Hialeah determines said candidate to be qualified. The term qualify is interpreted as doing the last act required by the City for any candidate to qualify for election to said office."
Both the City and Martinez appeal.[4]
We agree with the trial court insofar as it rejected the City's position that Martinez was required to resign effective when he sought the office of Mayor.[5] However, we disagree with the trial court's holding that Martinez was required to resign at all. We therefore reverse the trial court's order and remand the cause for the entry of an order, in accordance with this opinion, which provides that Martinez need not resign his office to run for the office of Mayor.
Section 99.012(2) provides, in pertinent part:
"No individual may qualify as a candidate for public office who holds another elective or appointive office, whether state, county or municipal, the term of which or any part thereof runs concurrently *604 with the term of office for which he seeks to qualify without resigning from such office not less than 10 days prior to the first day of qualifying for the office he intends to seek. Said resignation shall be effective not later than the date upon which he would assume office, if elected to the office to which he seeks to qualify, the expiration date of the term of the office which he presently holds, or the general election day at which his successor is elected, whichever occurs earliest... ."
The trial court was of the view that the resign to run provision of the City's Charter and the resign to run statute can peacefully coexist. The Charter provides that any City office holder seeking another office must resign before he may run.[6] Attempting to harmonize the Charter with the statute, the trial court seized upon the fact that since the Charter provides only for resignation and is silent on the effective date of the resignation, the effective date provisions of Section 99.012(2), Florida Statutes (1981), can be read into the Charter. While this solution is undoubtedly favorable to Martinez  under the trial court's ruling, he can retain his councilman's position until the date of the general election, November 10, 1981  it is not the judgment to which Martinez is entitled. In our view, the provision of the City Charter which requires resignation whether or not the term of the office holder runs concurrently with the term of office for which he seeks to qualify conflicts with the provision of the statute which requires resignation only when there is an overlap of terms.[7],[8] Where there is such a conflict, the general law of the state prevails over the charter of a Dade County municipality such as Hialeah.
Article VIII, Section 6(e), Florida Constitution (1968), to which the City's Charter owes its existence, specifically re-enacts the Dade County Home Rule Charter, Article VIII, Section 11, Florida Constitution (1885), and provides that the Legislature shall have no power to amend or repeal the charter of any municipal corporation in Dade County, but provides further:
"Nothing in this section shall be construed to limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties of the State of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida relating to county or municipal affairs and all such general laws shall apply to Dade County and to all municipalities therein to the same extent as if this section had not been adopted and such general laws shall supersede any part or portion of the home rule charter provided for herein in conflict therewith and shall supersede any provision of any ordinance enacted pursuant to said charter and in conflict therewith, and shall supersede any provision of any charter of any municipality in Dade County in conflict therewith."
Since the general law of the state, Section 99.012, Florida Statutes (1981), permits Martinez, whose term as a councilman is not concurrent with the term of the Mayor's office he seeks, to run without resigning, the City's Charter provision which places a greater restriction on Martinez's right to run for office is in conflict with the general law and must give way. The Legislature, by making it unlawful for a public office holder whose term runs concurrently with the term of office for which he seeks *605 to qualify to run for the other office without resigning, has in effect made it lawful for the public office holder whose present term is not concurrent with the other office to run without resigning. The City's Charter cannot make unlawful what the Legislature has made lawful. See Scavella v. Fernandez, 371 So.2d 535 (Fla.3d DCA 1979) (provision of Dade County Code requiring that a claim against county be filed within sixty days is in conflict with, and superseded by, state statute allowing three years for such filing, notwithstanding that both code and statute could be complied with by filing claim in sixty days), and cases cited therein.
We therefore hold that the general law supersedes Section 44.01 of the Hialeah City Charter in conflict therewith, and because no part of Martinez's term as councilman, his present office, runs concurrently with the term which he seeks, that is, the office of Mayor, Martinez need not resign his present office in order to run for the office of Mayor. The decision of the trial court is reversed and the cause remanded for the immediate entry of a judgment in accordance with this opinion. Because Martinez must qualify for the office of Mayor on or before September 11, 1981, no petition for rehearing will be entertained, and our mandate will issue simultaneously with this opinion.
Reversed and remanded with directions.
NOTES
[1] Identical to Section 99.012(2), Florida Statutes (1979), the statute applicable when the suit was originally brought.
[2] In the present case, the earliest of the foregoing events would be November 10, 1981, the date of the general election.
[3] While ordinarily we would relinquish jurisdiction to the trial court to enter a final judgment, see, e.g., Barnes v. Ross, 386 So.2d 812 (Fla.3d DCA 1980), we bypass that procedure in the present case because both parties require an immediate ruling and because were we to hold the appeal in abeyance pending the trial court's entry of a final judgment, both parties would necessarily be in doubt as to whether the City's appeal from the non-final order granting summary judgment effectively stayed the trial court's ruling. See Fla.R.App.P. 9.310(b)(2).
[4] The trial court's ruling rejected, sub silentio, Martinez's contention that Section 99.012(2), Florida Statutes (1981), required no resignation whatsoever. Both parties briefed and argued this point on appeal, and the brief of appellee specifically requested us to accord him this greater relief. Since our jurisdiction to determine the validity of the order in question is clear, and a notice of cross-appeal is not jurisdictional County Sanitation v. Ross, 389 So.2d 1247 (Fla. 1st DCA 1980); Safeco Insurance Company v. Rochow, 384 So.2d 163 (Fla. 5th DCA 1980); Agrico Chemical Company v. Department of Environmental Regulation, 380 So.2d 503 (Fla.2d DCA 1980); Brickell Bay Condominium Association, Inc. v. Forte, 379 So.2d 1334 (Fla.3d DCA 1980), and since the City makes no claim of lack of notice or prejudice, we treat Martinez's brief as sufficient notice to the City that he cross-appeals from the trial court's ruling. It is clear that we could, and would, under the circumstances of this case, allow Martinez to belatedly file a more formal notice, but see no reason to place form over substance, particularly since an immediate decision in this case must be made.
[5] The City's position is that Martinez's resignation must be effective the moment when Martinez engages in pre-qualification campaign activities. The trial court quite correctly rejected the City's position and construed "seeks" as "qualifies to run." That construction, however, is irrelevant in light of our holding.
[6] The trial court did not address, nor do we, Martinez's "equal protection" argument that the Charter unfairly and irrationally favors an incumbent seeking re-election.
[7] If the City's Charter, as the state statute, provided for resignation only where there is concurrency and was silent on the subject of effective dates, then we would agree that the Charter and statute would not be in conflict, and the effective date provisions of the statute could be read into the Charter.
[8] Where the terms are not concurrent, the problem sought to be remedied by the resignation provisions of the statute do not exist. If, for example, Martinez were to be elected Mayor, there would be no time remaining in the term of his councilman's position and no necessity for a costly special election to fill that remaining time. See Holley v. Adams, 238 So.2d 401 (Fla. 1970). However, where the terms overlap, the prospective resignation provisions of the statute serve to remove the concurrency problem.