Mr. Robert C. Adamski City Attorney City of Cape Coral Post Office Box 88 4635 South Del Prado Boulevard Cape Coral, Florida 33910
Dear Mr. Adamski:
This is in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY ADOPT AN ORDINANCE REQUIRING MEMBERS OF LOCAL APPOINTED BOARDS WHO SERVE WITHOUT SALARY TO RESIGN THEIR POSITIONS IN ORDER TO SEEK ELECTED POLITICAL OFFICE WHEN SUCH OFFICERS ARE NOT REQUIRED TO RESIGN UNDER STATE LAW?
Section 99.012, F.S., Florida's Resign to Run Law, requires any person who holds an elective or appointive office (with certain enumerated exceptions) and who seeks to be elected to another publice office, the term of which overlaps or runs concurrently with the term of the office which he currently holds, to submit an irrevocable letter of prospective resignation prior to qualifying for election. The provisions of this statute relative only to officers and do not apply to mere employees. See, AGO's 079-81 and 080-1. As one of the enumerated exceptions to s 99.012, subsection (5) of the statute provides that `[n]o person who serves as a member of any appointive board or authority without salary shall be in violation of this section by reason of holding any such office.' Thus, under the provisions of s 99.012(5), members of local appointed boards who serve without salary are not subject to the resignation requirements of this section. See, AGO 073-456 stating that a commissioner of a housing authority, being appointed to office and serving without salary, was within the exception to the Resign to Run Law created by s 99.012(5), F.S., and was not required to resign as such commissioner in order to qualify as a candidate for the office of city councilman. You inquire as to whether members of local appointive boards serving without salary who are not required to resign under state law may be required by local ordinance to resign their positions in order to seek elected political office.
While municipalities possess broad home rule powers pursuant to s 2, Art. VIII, State Const., and Ch. 166, F.S., the Municipal Home Rule Powers Act, such powers are not unlimited. See, s 166.021(1) which provides that municipalities possess the `governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law' (e.s.); and s166.021(3), F.S., stating that the legislative body of a municipality may enact legislation on any subject matter upon which the state Legislature may act except upon those subjects enumerated therein. In City of Miami Beach v. Rocio Corporation,404 So.2d 1066 (3 D.C.A. Fla., 1981), petition for rev. denied,408 So.2d 1092 (Fla. 1981), the court considered the extent of those powers when a conflict with state law exists. Two issues were presented to the Rocio court: (1) whether the state condominium act expressly or by implication preempted the subject of condominium conversion to state government; and (2) whether the city's ordinances concerning such conversions conflicted with state law. While no preemption to the state was found, the court concluded that a conflict did exist between the city's ordinances and state law. While concurrent legislation may be enacted by both state and local governments in areas not preempted by the state, such concurrent legislation enacted by municipalities may not conflict with state law; if such conflict arises, state law prevails. Thus, the court concluded that when conduct permitted by state law is prohibited by local ordinance, the local ordinance must yield to the state statute. Cf., Rinzler v. Carson,262 So.2d 661, 668 (Fla. 1972) (municipality cannot forbid what the Legislature has licensed, authorized or required, nor may it authorize that which the Legislature has forbidden); 5 McQuillin Municipal Corporations s 15.20 (municipal ordinances are inferior in status and subordinate to the laws of the state and in any conflict between ordinance and statute, statute must prevail). And see, City of Hialeah v. Martinez, 402 So.2d 602 (3 D.C.A. Fla., 1981), petition for rev. dismissed, 411 So.2d 380
(Fla. 1981), wherein the court concluded that a provision of the city charter requiring the resignation of any city officeholder seeking another office whether or not the terms of the two offices ran concurrently or overlapped, conflicted with s 99.012 and was therefore invalid. Stating that a municipal charter cannot make unlawful what the Legislature has made lawful, the court held that the charter provision which placed a greater restriction on the officer's right to run for office `is in conflict with the general law and must give way.' Cf., Scavella v. Fernandez, 371 So.2d 535
(3 D.C.A. Fla., 1979) (county ordinance requiring claims against county to be filed within sixty days was in conflict with and was superseded by state statute allowing three years for filing; where state had granted right or permission to do something within a certain period of time, county could not prohibit or restrict the exercise of that right).
With regard to the instant inquiry, s 99.012(5) clearly provides that officers serving on appointive boards without salary are not subject to the resignation requirements of s 99.012 when seeking elected political offices. The proposed municipal ordinance would, in effect, being those individuals exempted under subsection (5) of s 99.012 back within the purview of the Resign to Run Law by requiring them to resign their offices when seeking elected political office. Under the rationale of City of Miami Beach v. Rocio Corporation, supra, and City of Hialeah v. Martinez, supra, any such an ordinance which attempts to prohibit conduct which is permitted by state law, i.e., running for a elected political office while serving as a member of an appointive board without salary, must yield to the state statute. I note that the decisions in both City of Miami Beach v. Rocio Corporation, supra, and City of Hialeah v. Martinez, supra, as well as many of the recent decisions regarding the relationship between local ordinances and charters and state law were rendered by the Third District Court of Appeal. While this issue of conflict does not appear to have been recently considered by the Florida Supreme Court, the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by the Florida Supreme Court. See, Stanfill v. State, 384 So.2d 141 (Fla. 1980); Johns v. Wainwright, 253 So.2d 873 (Fla. 1971) (district courts of appeal were never intended to be intermediate courts; rather decisions of such courts in most cases are final and absolute); Ansin v. Thurston, 101 So.2d 808 (Fla. 1958). And see, State v. Hayes,333 So.2d 51 (4 D.C.A. Fla., 1976) (trial court in Fourth Appellate District bound by decisions of other Florida District Courts of Appeal when there is no case on point from the Fourth District).
Accordingly, I am of the opinion that a municipality is not authorized to adopt an ordinance which prohibits conduct which is permitted by state law and may not therefore adopt an ordinance requiring members of local appointed boards who serve without salary to resign their positions in order to seek elected political office when such officers are not required to resign under the state's Resign to Run Law.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General