430 So.2d 506 (1983)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Reydel "Sonny" SANTOS, Appellee.
No. 82-1969.
District Court of Appeal of Florida, Third District.
April 12, 1983.
Rehearing Denied May 17, 1983.
Robert A. Ginsburg, County Atty. and Murray A. Greenberg, Asst. County Atty., for appellant.
Entin, Schwartz, Dion & Sclafani and Spencer D. Levine, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Dade County appeals from a final declaratory judgment invalidating a section of the Dade County Home Rule Charter which requires that a county employee forfeit his position when he qualifies for elective office. We conclude that this provision is not in conflict with any Florida statute and therefore reverse the contrary determination below.
On undisputed facts, the appellee Santos, a Dade County firefighter who was discharged when he ran for the state legislature, won reinstatement from the trial court because of its abrogation of the charter provision, Section 1.05(c), upon which his dismissal had been based. It states, in its entirety:
Any appointed official or employee of Dade County who qualifies as a candidate for election to any federal, state or municipal office shall immediately forfeit his county position.
The lower court found that this subsection was, within the meaning of Article VIII, § 11(5) Florida Constitution of 1885, as amended,[1] invalidly in "conflict" with Section 104.31(1), Fla. Stat. (1981), the "Little Hatch Act," which states that

*507 (1) No officer or employee of the state, or of any county or municipality thereof, except as hereinafter exempted from provisions hereof, shall:
(a) Use his official authority or influence for the purpose of interfering with an election or a nomination of office or coercing or influencing another person's vote or affecting the result thereof.
(b) Directly or indirectly coerce or attempt to coerce, command, or advise any other officer or employee to pay, lend, or contribute any part of his salary, or any money, or anything else of value to any party, committee, organization, agency, or person for political purposes. Nothing in this paragraph or in any county or municipal charter or ordinance shall prohibit an employee from suggesting to another employee in a noncoercive manner that he or she may voluntarily contribute to a fund which is administered by a party, committee, organization, agency, person, labor union or other employee organization for political purposes.
(c) Directly or indirectly coerce or attempt to coerce, command, and advise any such officer or employee as to where he might purchase commodities or to interfere in any other way with the personal right of said officer or employee.

The provisions of this section shall not be construed so as to prevent any person from becoming a candidate for and actively campaigning for any elective office in this state.[2] [e.s.]
The ruling below was incorrect.
In Jordan Chapel Freewill Baptist Church v. Dade County, 334 So.2d 661, 664 (Fla. 3d DCA 1976) we held that the word "conflict" in Article VIII, § 11(5) refers to legislative provisions which are contradictory in the *508 sense that they cannot co-exist. It seems obvious that this definition does not apply here. While Sec. 104.31(1) indeed provides that nothing in that statute prevents a public employee from becoming a candidate, there is just as clearly nothing in the statute or anywhere else[3] which gives him that right.[4] Hence, Sec. 1.05(c) does not at all impinge upon the provisions of Sec. 104.31(1). Since the two patently may "co-exist" in their own respective spheres, they are neither inconsistent nor in conflict with each other. See also, E.B. Elliott Advertising Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir.1970), cert. denied, 400 U.S. 805, 91 S.Ct. 12, 27 L.Ed.2d 35 (1970); see generally, Florida Lime and Avocado Growers, Inc. v. Paul, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); City of Miramar v. Bain, 429 So.2d 40 (Fla. 4th DCA 1983); compare Scavella v. Fernandez, 371 So.2d 535 (Fla. 3d DCA 1979) (code 60 day notice provision in conflict with statutory provision granting 2 years for same notice).
The propriety of the conclusion that Sec. 104.31(1) does not abrogate the Charter provision before us is reenforced by contrasting the provisions of subsection (3) of the very same statute. Sec. 104.31(3) states:
Nothing contained in this section or in any county or municipal charter shall be deemed to prohibit any public employee from expressing his opinions on any candidate or issue or from participating in any political campaign during his off-duty hours, so long as such activities are not in conflict with the provisions of subsection (1) or s.110.233. [e.s.]
Obviously the legislature knew how to forbid local intrusion into regulation of this subject matter if it wished. Particularly in view of the settled rules which require that any such language be strictly construed, e.g., Armstrong v. City of Edgewater, 157 So.2d 422 (Fla. 1963), we decline to read such a provision into a statutory situs where it so obviously and pointedly does not appear. See also, City of Venice v. Valente, 429 So.2d 1241 (Fla. 2d DCA 1983); City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (Fla. 3d DCA 1981).
Finally, our decision is mandated by the virtually all-fours case of Resedean v. Civil Service Board of City of Pensacola, 332 So.2d 150 (Fla. 1st DCA 1976)[5] which held that Sec. 104.31[6] did not invalidate a Pensacola charter provision which precluded a municipal fire captain from seeking elective office. See Humphries v. Department of Highway Safety and Motor Vehicles, 400 So.2d 1311 (Fla. 1st DCA 1981); see also, Department of Administration v. Nelson, 424 So.2d 852 (Fla. 1st DCA 1982). We agree.
For these reasons, the judgment is reversed and the cause remanded with directions to dismiss the complaint with prejudice.
Reversed.
NOTES
[1] This section, which was reenacted in and by Article VIII, § 6(e), Florida Constitution of 1968, as amended, states:

Nothing in this section shall limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties in the state of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida, and the home rule charter provided for herein shall not conflict with any provision of this Constitution nor of any applicable general laws now applying to Dade County and any other one or more counties of the State of Florida except as expressly authorized in this section nor shall any ordinance enacted in pursuance to said home rule charter conflict with this Constitution or any such applicable general law except as expressly authorized herein, nor shall the charter of any municipality in Dade County conflict with this Constitution or any such applicable general law except as expressly authorized herein, provided however that the said charter and said ordinance enacted in pursuance thereof may conflict with, modify or nullify any existing local, special or general law applicable only to Dade County.
Because of our conclusion that no conflict exists, we do not consider the county's broader contention that, unlike an ordinance such as that involved in Scavella v. Fernandez, 371 So.2d 535 (Fla. 3d DCA 1979), cert. denied sub nom. Metropolitan Dade County v. Scavella, 385 So.2d 759 (Fla. 1980), a portion of the Home Rule Charter prevails over even a conflicting state statute. But cf. City of Hialeah v. Martinez, 402 So.2d 602 (Fla. 3d DCA 1981), review dismissed, 411 So.2d 380 (Fla. 1981).
[2] The remainder of the section is as follows:

All such persons shall retain the right to vote as they may choose and to express their opinions on all political subjects and candidates. The provisions of paragraph (a) shall not be construed so as to limit the political activity in a general, special, primary, bond, referendum, or other election of any kind or nature, of elected officials or candidates for public office in the state or of any county or municipality thereof; and the provisions of paragraph (a) shall not be construed so as to limit the political activity in general or special elections of the officials appointed as the heads or directors of state administrative agencies, boards, commissions, or committees or of the members of state boards, commissions, or committees, whether they be salaried, nonsalaried, or reimbursed for expense. In the event of a dual capacity of any member of a state board, commission, or committee, any restrictive provisions applicable to either capacity shall apply. The provisions of paragraph (a) shall not be construed so as to limit the political activity in a general, special, primary, bond, referendum, or other election of any kind or nature of the Governor, the elected members of the Governor's Cabinet, or the members of the Legislature. The provisions of paragraphs (b) and (c) shall apply to all officers and employees of the state or of any county or municipality thereof, whether elected, appointed, or otherwise employed, or whether the activity shall be in connection with a primary, general, special, bond, referendum, or other election of any kind or nature.
(2) Any person violating the provisions of this section is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s.775.083.
(3) Nothing contained in this section or in any county or municipal charter shall be deemed to prohibit any public employee from expressing his opinions on any candidate or issue or from participating in any political campaign during his off-duty hours, so long as such activities are not in conflict with the provisions of subsection (1) or s.110.233.
[3] Santos does not disagree that there is no constitutional impediment to preclude a public employee from running for office, see Annot., Prohibiting Public Employee from Running for Elective Office as Violation of Employee's Federal Constitutional Rights, 44 A.L.R.Fed. 306 (1979).
[4] In support of the contrary proposition, the appellee primarily relies on City of Hialeah v. Martinez, supra, note 1. Martinez is readily distinguishable in that it concerns an asserted conflict with the resign to run law, Sec. 99.012, Fla. Stat. (1981) which is (a) admittedly not applicable at all to employees like Santos and (b) "occupies the field" of the subject it regulates to a far greater extent than Sec. 104.31. In candor, however, it must be said that the approach taken in Martinez  that simply by making a particular course of conduct unlawful, the legislature "in effect" made an unforbidden course lawful with the result that it could not be precluded by local government, 402 So.2d at 604-605  is not in full accord with the concept of "conflict" applied either in previous cases on the subject, e.g., E.B. Elliott Advertising Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir.1970), or in this decision.
[5] Resedean was not cited by either party to the trial judge or to this court.
[6] It is significant that the court was concerned only with sec. 104.31(3). Apparently, sec. 104.31(1) was considered so obviously not involved that it was not even discussed.