Mr. Richard L. Doody City Attorney City of Tamarac 5811 Northwest 88th Avenue Tamarac, Florida 33321
Dear Mr. Doody:
You have asked substantially the following questions:
 (1) Do the provisions of s. 166.031, F.S., providing for charter amendments, prevail over conflicting provisions contained in a municipal charter?
 (2) May only the governing body of a municipality submit proposed amendments to the charter for referendum?
 (3) Should the governing body propose an amendment to the charter by ordinance?
 (4) Does the language in s. 166.031(3), F.S., stating that the provisions of the section are supplemental to the provisions of all other laws, refer to state laws?
In sum, it is my opinion that:
 (1) The provisions of s. 166.031, F.S., prevail over conflicting provisions contained in a municipal charter.
 (2) Section 166.031, F.S., permits changes to a municipal charter to be proposed by the governing body or by petition of the electors of the municipality.
 (3) The governing body must submit its proposed amendment to the municipal charter to the electors by ordinance.
 (4) The provisions of s. 166.031(3), F.S., are supplemental to other provisions of state law.
QUESTION ONE
Section 2(a), Art. VIII, State Const., provides that municipal charters may be amended pursuant to general or special law. Section 166.031(1), F.S., states:
 The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose. (e.s.)
A legislative directive as to how a thing shall be done is, in effect, a prohibition against it being done in any other way.[1]
This office has previously concluded that any charter provision adopted or readopted subsequent to the effective date of the Municipal Home Rules Powers Act, Ch. 166, F.S., can only be amended in accordance with the provisions of s. 166.031, F.S.[2]
In addition, this office in AGO 75-223 specifically advised the City of Tamarac that its charter could not be amended except as provided in s. 166.031, F.S.
Moreover, while Florida courts have recognized that legislation may be concurrent, that is, enacted by both state and local government in areas which have not been specifically preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law.[3]
Therefore, based upon the above, I am of the opinion that the procedure for amending municipal charters set forth in s. 166.031, F.S., would prevail over a conflicting provision in the City of Tamarac charter.
QUESTION TWO
Section 166.031(1), F.S., authorizes the governing body by ordinance, or the electors of the municipality by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, to submit to the electors of the municipality a proposed amendment to its charter. The governing body is responsible for placing the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for that purpose. Section 166.031, F.S., thus authorizes the amendment of a municipal charter by two methods, by ordinance or by initiative petition.
As noted in Question One, concurrent legislation enacted by a municipality may not conflict with state law; if such conflict arises, state law will prevail. As a corollary, a municipality cannot forbid that which the Legislature has licensed, authorized or required, nor may it authorize that which the Legislature has forbidden.[4]
Accordingly, inasmuch as s. 166.031, F.S., authorizes both the governing body and the electors to submit proposed amendments to the charter for referendum, I am of the opinion that a municipal charter may not limit the authority to propose amendments to its terms to only the governing body of a municipality.
QUESTION THREE
Section 166.031(1), F.S., states that the governing body of a municipality may, by ordinance, submit to the electors a proposed amendment to the charter. The statute further provides that the governing body shall place the proposed amendment contained in the ordinance to a vote of the electors. As stated previously, a legislative direction as to how a thing shall be done is, in effect, a prohibition against it being done in any other way.[5]
Based upon the above language, it appears clear that the municipal governing body may propose an amendment to the municipal charter only by ordinance.[6]
QUESTION FOUR
Section 166.031(3), F.S., provides in part that "[t]his section shall be supplemental to the provisions of all other laws relating to the amendment of municipal charters and is not intended to diminish any substantive or procedural power vested in any municipality by present law." You ask whether the reference to law in the above statute refers to state law.
The term "by law" as used in the Constitution or statutes has generally been interpreted to mean a statute adopted by both houses of the State Legislature.[7] Accordingly, the reference in s. 166.031(3), F.S., to "laws" would appear to refer to other state statutes relating to the amendment of municipal charters.[8]
It would not appear to authorize a municipality by ordinance or charter to alter the terms of s. 166.031, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[2] See, AGO 77-135; and see, AGO 79-80 in which this office concluded that the Lake Wales City Commission may not unilaterally amend its municipal charter but rather was bound by the provisions of s. 166.031. Cf., s. 166.031(3), F.S., authorizing the amendment of a municipal charter pursuant to s. 166.031, F.S., notwithstanding any charter provisions to the contrary.
[3] City of Miami Beach v. Rocio Corporation, 404 So.2d 1066 (3 D.C.A. Fla., 1981), pet. for rev. denied, 408 So.2d 1092
(Fla. 1981); Board of Trustees of City of Dunedin v. Dulje,453 So.2d 177 (2 D.C.A.Fla., 1984), stating that a municipality may not enact legislation which directly conflicts with a state statute; where a conflict arises, the state statute must prevail. And see, City of Hialeah v. Martinez, 402 So.2d 602 (3 D.C.A.Fla., 1981), pet. for rev. dismissed, 411 So.2d 380 (Fla. 1981) (municipal charter cannot make unlawful that which the Legislature has made lawful).
[4] Rinzler v. Carson, 262 So.2d 661, 668 (Fla. 1972); City of Hialeah v. Martinez, supra. See generally, Scavella v. Fernandez,371 So.2d 535 (3 D.C.A.Fla., 1979) (where state had granted right or permission to do something within a certain period of time, county could not prohibit or restrict the exercise of that right); AGO 82-92. Cf., Gaines v. City of Orlando, 450 So.2d 1174, 1177 n. 2 (5 D.C.A.Fla., 1984) (upon submission of petition signed by 15 percent of city's registered voters, city had clear legal duty to verify those signatures and then to hold the election pursuant to Ch. 166, F.S.).
[5] See, footnote 1, supra.
[6] See, Reino v. State, 352 So.2d 853 (Fla. 1977) (where language of statute is clear and unequivocal, legislative intent may be gleaned from words used without applying incidental rules of construction); Citizens of State v. Public Service Commission,425 So.2d 534 (Fla. 1982) (where language of statute is plain and unambiguous as to fix legislative intent, courts should not depart from plain language used by Legislature).
 And see, AGO 78-61 stating that the governing body may propose an amendment to the municipal charter by ordinance and submit the same to the electors of the municipality for approval.
[7] See, Advisory Opinion to Governor, 22 So.2d 398 (Fla. 1945) (term "by law" as used in Constitution means a statute passed by both houses of the Legislature); Grapeland Heights Civic Association v. City of Miami, 267 So.2d 321, 324 (Fla. 1972) ("`law' in our constitution means an enactment by the State Legislature . . . not by a City Commission or any other political body"); Broward County v. Plantation Imports, Inc., 419 So.2d 1145
(4 D.C.A.Fla., 1982); AGO's 84-51, 84-39 and 79-109. And see, State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (4 D.C.A.Fla., 1977) (term "provided by law" means provided by statute); AGO 85-19.
[8] See, e.g., ss. 101.161 (referenda; ballots); 100.342, F.S. (notice of special election or referendum).