SCHWARTZ, Senior Judge.
 

 As the trial court held in an excellent opinion, we conclude that Section 21-281 of the Miami-Dade County Code
 
 [1]
 
 , which prohibits convicted sexual offenders from
 
 *119
 
 residing within 2500 feet of a school, is not invalidated by Florida law and therefore remains in full force and effect. Neither of the appellants’ contentions to the contrary is well taken:
 

 (a) The legislature has not clearly preempted local regulation of the field of sexual predators, so as to invoke the severely restricted and strongly disfavored doctrine of “implied preemption.” See
 
 Browning v. Sarasota Alliance for Fair Elections, Inc.,
 
 968 So.2d 637 (Fla. 2d DCA 2007),
 
 reversed on other grounds
 
 28 So.3d 880 (Fla.2010);
 
 City of Hollywood v. Mulligan,
 
 934 So.2d 1238, 1243 (Fla.2006);
 
 Tribune Co. v. Cannella,
 
 458 So.2d 1075, 1077 (Fla.1984);
 
 Phantom of Clearwater v. Pinellas County,
 
 894 So.2d 1011, 1019 (Fla. 2d DCA 2005),
 
 approved sub. nom., Phantom of Brevard v. Brevard County,
 
 3 So.3d 309, 315 (Fla.2009);
 
 Lowe v. Broward County,
 
 766 So.2d 1199, 1207 (Fla. 4th DCA 2000),
 
 rev. denied,
 
 789 So.2d 346 (2001) (“The courts should be careful in imputing intent on behalf of the Legislature to preclude a local elected governing body from exercising its home rule powers.”);
 
 Tallahassee Mem. Reg. Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc.,
 
 681 So.2d 826, 831 (Fla. 1st DCA 1996); and
 

 (b) The 2500 foot provision is not in cognizable “conflict” with the less restrictive 1000 foot buffer zone provided by Section 794.065(1)
 
 [2]
 
 Florida Statutes. See
 
 Laborers’ Int’l Union of N. Am., Local 478 v. Burroughs,
 
 541 So.2d 1160 (Fla.1989) (holding ordinance did not conflict with statute because a party could comply with the ordinance without violating the statute);
 
 Metro. Dade County v. Santos,
 
 430 So.2d 506 (Fla. 3d DCA 1983);
 
 Jordan Chapel Freewill Baptist Church v. Dade County,
 
 334 So.2d 661, 664 (Fla. 3d DCA 1976),
 
 cert. denied,
 
 348 So.2d 949 (1977);
 
 E.B. Elliott Advertising Co. v. Metro. Dade County,
 
 425 F.2d 1141, 1150 (5th Cir.1970) (holding a county ordinance that required outdoor signs to be set back 200 feet from streets did not conflict with a state statute that required outdoor signs be set back 15 feet from the streets because a person could comply with the County ordinance without violating the state statute). Compare
 
 Scavella v. Fernandez,
 
 371 So.2d 535 (Fla. 3d DCA 1979) (expressly distinguishing
 
 Jordan Chapel
 
 and
 
 E.B.
 
 Elliott).
 

 Affirmed.
 

 [1]
 

 . "It is unlawful for any person who has been convicted of a violation of Sections 794.011
 
 *119
 
 (sexual battery), 800.04 (lewd and lascivious acts on/in presence of persons under age 16), 827.071 (sexual performance by a child) or 847.0145 (selling or buying of minors for portrayal in sexually explicit conduct), Florida Statutes, or a similar law of another jurisdiction, in which the victim of the offense was less than sixteen (16) years of age, to reside within 2,500 feed of any school.” Miami-Dade County, Fla., Code of Ordinances, § 21— 281(a) (2009).
 

 [2]
 

 . "It is unlawful for any person who has been convicted of a violation of s. 794.011, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145, regardless of whether adjudication has been withheld, in which the victim of the offense was less than 16 years of age, to reside within 1,000 feet of any school, day care center, park, or playground....” § 794.065(1) Fla. Stat. (2009).