PER CURIAM.
Appellant, plaintiff in the trial court, filed an action for declaratory relief to determine whether or not appellant, a Captain in the Pensacola Fire Department, was precluded from remaining a civil service employee of the City of Pensacola while seeking the elective public office of Escam-bia County Property Appraiser during his off-duty hours. The trial court denied the requested relief, thereby engendering this appeal.
Appellant initially appeared before the Civil Service Board of the City of Pensacola which refused to exempt appellant from the provisions of Section 142 of the Code of the City of Pensacola.[1] Essen *152 tially, that section which was originally-enacted as a special act of the legislature,[2] forces a civil service employee of the City of Pensacola to choose between seeking elective public office and retaining his status as a civil service employee. The Civil Service Board advised appellant that it had no authority to exempt him from the provisions of the foregoing special act.
Appellant’s primary argument is that the special act which prohibits a Pensacola Civil Service Employee from running for elective office has been impliedly repealed by Chapter 74-13, Laws of Florida (1974), which amended F.S. 104.31(1) (d)[3] and created Section 3 of F.S. 104.31.[4] Indeed, the significant provisions of Chapter 74 — 13 manifest an obvious legislative intent to allow a municipal employee to participate in any political campaign during his off-duty hours.
We would have no qualms about accepting appellant’s position, but for the fact that F.S. 104.31(3) (1975) states that “nothing contained in this section or in any county or municipal charter” shall prohibit a municipal employee from participating in any election campaign during his off-duty hours. The apparent problem is that the prohibition which prevents appellant from retaining his municipal employment while he conducts a political campaign during his off-duty hours is not contained within the municipal charter of the City of Pensacola but was enacted as a special act by the legislature. Appellant claims that in actuality, there is no problem because a section of the Municipal Home Rule Powers Act enacted in 1973 provides that all existing special acts pertaining exclusively to the power or jurisdiction of a particular municipality except as otherwise provided in the previous subsection shall become an ordinance of that municipality on the effective date of the act. (F.S. 166.021(5), 1975) Appellant concludes that since the status of the special act which created the civil service law for the City of Pensacola became that of a municipal ordinance by virtue of F.S. 166.021(5), 1975, the provisions of Chapter 74 — 31, Laws of Florida, 1974, impliedly repealed Section 142 of the Code of the City of Pensacola.
Again, however, there is an apparent problem. The provisions of F.S. 166.021 (5), 1975, do not apply to the types of special acts contained in F.S. 166.021(4). One of the classifications of special acts contained in F.S. 166.021(4), 1975, is any special act which affects “any rights of municipal employees”. Appellees argue that Section 142 of the Code of the City of Pensacola clearly concerns the rights of municipal employees. Therefore, according to appellees, Section 142 retains its *153 status as a special act of the legislature and is unaffected by Chapter 74-13, Laws of Florida, 1974.
Although we accept appellees’ assertion that F.S. 166.021(5), 1975, is inapplicable to Section 142 of the Code of the City of Pensacola, we nevertheless conclude that Chapter 74 — 13, Laws of Florida, 1974, repeals by implication Section 142. That section is governed by the terms of F.S. 166.021(4) which provides in pertinent part that, “* * * nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect * * * any rights of municipal employees, without approval by referendum of the electors as provided in section 166.031.” F.S. 166.031 describes the manner in which amendments to municipal charters may be enacted. Since Section 142 of the Code of the City of Pensacola which certainly affects “any rights of municipal employees” may be repealed or amended only by the method described in F.S. 166.031 which, in turn, describes the method by which charter amendments are adopted, the result is that Section 142, originally adopted as a special act of the legislature, has, in effect, become a part of the Pensacola Municipal Charter. It follows that the Pensacola code’s prohibition of political activities by city employees is repealed to the extent of its inconsistency with § 104.31(3), F.S.1975.
The question before us is not precisely whether appellant may participate in a political campaign while off duty but rather whether he may “participate” by becoming a candidate. Was ch. 74 — 13 intended to repeal the Pensacola code’s prohibition of employees becoming candidates ? We think not. There are substantial conceptual and practical differences between being a candidate for public office and “expressing . . . opinions on any candidate or issue or . participating in any political campaign.” Settled rules of statutory construction militate against stretching the 1974 amendment of § 104.31 to abolish municipal prohibitions of employee candidacies when explicit repealing language could so easily have been placed in the bill. Armstrong v. City of Edgewater, 157 So.2d 422 (Fla.1963); In re Estate of Jeffcott, 186 So.2d 80 (Fla.App.2d, 1966).
Further doubt that the legislature sought to repeal municipal restrictions on employee candidacies arises from its qualified approval of only such off-duty campaign activities as “are not in conflict with section 110.092, Florida Statutes.” That statute provides that no State Career Service employee, shall become a candidate for any public office except a “local” public office, and permits that only when explicitly authorized by his agency head and the State division of personnel on an affirmative showing that there is no conflict of interest or interference with his State employment. Because § 110.092(4) levels its prohibition only at State employees, the significance of the reference in ch. 74 — 13 is unclear insofar as municipal employee candidacies are concerned. Yet that reference is a significant aid to construction of a measure which is said to have intended the repeal of all similar municipal and county prohibitions.
Finally, the title to ch. 74 — 13 expresses a legislative purpose “to assure freedom of expression and participation in the political process by public employees to the extent compatible with the public welfare” (emphasis added). In this there is a legislative assertion that there are yet some political activities by public employees which are not “compatible with the public welfare.” In considering whether by ch. 74 — 13 the legislature declared employee candidacies “compatible with the public welfare,” we may appropriately consider other legislation in the same field, with a view to harmonizing the legislation in question with other legislation which presumably was intended to reflect the same public policy. See Florida Jai Alai, Inc. v. Lake Howell Water & *154 Reclamation Dist., 274 So.2d 522 (Fla.1973). Not only in § 104.31(3), F.S., but also in § 99.012, the “resign to run law” which was significantly amended by the same legislature that passed ch. 74-13, there are legislative expressions that, as a general rule, faithful and diligent performance of one public office or employment is inconsistent with candidacy for another public office. Given this legislative determination that such candidacies are not compatible with the public welfare, we are unwilling to assume that, by the indefinite language of ch. 74 — 13, the legislature intended to preserve all its own restrictions on candidacies of State employees while striking down the similar restrictions of municipalities. Pensacola employees may participate while off duty in political campaigns, but only in the campaigns of others and not as candidates.
AFFIRMED.
BOYER, C. J., and MILLS and SMITH, JJ., concur.

. Section 142 of the Code of the City of Pensacola provides as follows:
“A. No person holding an office or place in the classified service under the provisions of this act (Article XV) shall seek elective public office, or serve in any elective or appointive position in any political campaign, or serve as an officer or a member of a committee or any political club or organization, or circulate or seek signatures to any petition provided for in any primary or election law, or act as a worker at the polls, or distribute badges, colors or indicia favoring or opposing a candidate for election or nomination to a federal, state, county or municipal public office, provided, however, that nothing in this act (Article XV) shall be constructed to prohibit or prevent any such officer or employee from becoming or continuing to be a member of a political club or organization or from attendance upon political meetings, or from enjoying entire freedom from all interference in casting his vote. Any person violating the provisions of this section shall be dismissed from the service of the city.
B. Any member of the classified service of the City who resigns to seek election to public office may, within one (1) year following the effective date of his resignation, make written application to the Board to have his name placed at the top of the eligible list for appointment to positions of the same classification as formerly held, and his name shall remain at the top of said list for the remainder of the said one (1) year from the effective date of his resignation. It shall be the duty of any member of the classified service of the city, resigning for such purposes, to apply to the Civil Service Board in writing to have his *152 name placed upon such eligible list, and his failure to do so shall not extend the time of the said one-year period from the effective date of his resignation for retention at the top of said list as hereinabove provided.”

. See Chapter 63-1775, Section 28, Special Acts, as amended by Chapter 65-2097, Section 1, Special Acts.

. F.S. 104.31(1) (d) provides, in pertinent part:
“104.31 Political activities of state, county and municipal officers and employees.—
* * * * *
(d) The provisions of paragraph (a) of this subsection shall not be construed so as to limit the political activity in general, special, primary, bond, referendum or any other election of any kind or nature, of elected officials or candidates for public office in the state or of any county or municipality thereof unless, in the case of municipalities, there be provisions in the charters or ordinances thereof which apply to officers, employees or candidates in such municipalities (The underlined language was deleted by Chapter 74-13)

.“(3) Nothing contained in this section or in any county or municipal charter shall he deemed to prohibit any public employee from expressing his opinions on any candidate or issue or from participating in any political campaign during his off-duty hours so long as such activities are not in conflict with the provisions of subsection (1) of this section or of section 110.092, Florida Statutes.” Appellees do not argue that the proposed off-duty activities of appellant conflict with the provisions of F.S. 104.31(1) or 110.092.