Mr. Herbert Elliot City Attorney City of Tarpon Springs Suite 17, 101 West Court Street Post Office Box 1575 Tarpon Springs, Florida 33589
Dear Mr. Elliot:
This is in response to your request for an opinion on the following question:
 WHETHER THE BOARD OF COMMISSIONERS OF THE CITY OF TARPON SPRINGS MAY APPOINT ALTERNATE MEMBERS TO THE TARPON SPRINGS CIVIL SERVICE BOARD, IF SUCH CIVIL SERVICE BOARD WAS CREATED BY A SPECIAL ACT OF THE LEGISLATURE ENACTED PRIOR TO JULY 1, 1973, AND NO PROVISION WAS MADE FOR ALTERNATE MEMBERSHIP ON THE CIVIL SERVICE BOARD IN SUCH SPECIAL ACT?
The Civil Service Board of the City of Tarpon Springs was created by Ch. 69-1678, Laws of Florida, approved by a referendum of the electors of the city. According to your letter, this law was adopted as s 22.1 of the city charter. The board is composed of five members who are required to be persons of different vocations, appointed by the governing body of the municipality and who are not employed by the city in any other capacity, official or otherwise. Section 1, Ch. 69-1678. The chief of police, the chief of the fire department, a representative from the police department, and a representative from the fire department selected by the members of these departments, and the city manager are ex officio members of the board with a voice in any proceedings, but no vote. Id.
This law provides that "[i]f a member of the civil service board shall fail to attend the regular meetings of the civil service board for two (2) regular meetings without leave first obtained from the civil service board, the said civil service board may declare this office vacant, and request the governing authority to appoint a successor for the unexpired term." Id. This is the only provision in Ch. 69-1678 that deals with the situation in which a board member is absent from the regular meetings of the civil service board. No provision is made for the appointment of alternate members or granting voting powers to any person, ex officio members or others, in any exigencies. You state in your letter that the Board of Commissioners of the City of Tarpon Springs wants to appoint alternate members to the civil service board, who would have full voting power at any meeting in the absence of a regular member or members. While not so stated in your letter, I assume for purposes of this opinion that the board of commissioners seeks to unilaterally make these alternate member appointments pursuant to an ordinance or resolution, which would have the effect of amending or modifying Ch. 69-1678, Laws of Florida, and extending the voting power to persons other than the regular board members in certain instances without a referendum of the electorate of the municipality.
Section 166.021(4), F.S., specifically provides that nothing in the Municipal Home Rule Powers Act, Ch. 166, F.S., "shall be construed to permit . . . any changes in a special law or municipal charter which affect . . . matters prescribed by the charter relating to appointive boards, . . . without approval by referendum of the electors as provided in s. 166.031." Thus, any special law or charter provision relating to appointive boards would be unaffected by the Municipal Home Rule Powers Act, and any amendment or modification of such a special act or charter provision would require referendum approval as prescribed by s166.031, F.S. Cf., Resedean v. Civil Service Board of the City of Pensacola, 332 So.2d 150, 151-152 (1 D.C.A. Fla., 1976); and see, AGO's 77-135, 75-136, 75-158, 73-478.
Applying the requirements of the Municipal Home Rule Powers Act, Part I of Ch. 166, F.S., to your inquiry, it would appear that the governing body of the City of Tarpon Springs cannot appoint alternate members with voting power to that municipality's civil service board without an amendment of Ch. 69-1678, Laws of Florida, codified as s 22.1 of the city charter, approved by a referendum of the municipal electorate as set forth in s 166.031, F.S. Such amendment would clearly be a change in a special law or municipal charter which affects matters prescribed by the charter relating to an appointive board, i.e., the civil service board.
In conclusion, I am of the opinion that appointment of alternate members with voting power to an appointive municipal civil service board created by special law enacted prior to July 1, 1973 is a matter that can only be accomplished by the governing board of the municipality by a charter amendment with the approval by referendum of the electors of the municipality as prescribed by s166.031, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General