Mr. John T. Brennan City Attorney City of Fort Pierce Post Office Box 3779 Fort Pierce, Florida 33454
Dear Mr. Brennan:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE RETIREMENT BOARD OF THE CITY OF FORT PIERCE MAY CHANGE OR AMEND THE RETIREMENT SYSTEM OF THE CITY WITHOUT APPROVAL BY A REFERENDUM OF THE ELECTORS.
Pursuant to s 15, Ch. 57-1331, Laws of Florida, the City Commission of the City of Fort Pierce is authorized to establish by ordinance a retirement fund or system with retirement benefits payable on account of service or length of service, disability, old age or death. The ordinance establishing the retirement fund must make provision for contributions to the system by the members of the fund and by the city. Section 15, Ch. 57-1331, Laws of Florida. Further, the ordinance establishing the retirement fund must limit the rate of interest used for computing rates of contributions and benefits to not less than three percent nor more than five percent computed annually. Section 16, Ch. 57-1331, Laws of Florida, as amended by s 1, Ch. 61-2176, Laws of Florida. With certain exceptions, not more than half of the cost of the retirement benefits shall be provided for by contributions made by the city. Section 16, supra. Benefits under this system are required to be related to salary and years of creditable service as determined by the ordinance establishing the retirement fund, or to contributions to the fund by its members or by a combination of these as provided by such ordinance. This section also provides that the city shall have the power to raise the amounts needed to finance its contributions to the system but that no funds shall be raised by taxation on real property in the city. Section 17, Ch. 57-1331, Laws of Florida, states that the ordinance establishing the retirement fund shall make participation in the retirement system mandatory for all city employees except that day laborers and temporary employees who are employed for not more than sixty days shall not become participants in the fund. In sum, ss 15-17, Ch. 57-1331, Laws of Florida, authorize enactment of an ordinance by the city commission establishing a mandatory retirement fund or system with benefits related to criteria established by such ordinance. It is a basic rule of statutory construction that a legislative direction as to how a thing should be done is, in effect, a prohibition against its being done in any other way. See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944). In this regard I would note that although your inquiry makes reference to the authority of the retirement board to change or amend aspects of the retirement fund or system, pursuant to Ch. 57-1331, supra, such a change or amendment may only be made by ordinance duly enacted by the city commission.
Section 166.021(4), F.S., specifically provides that nothing in the Municipal Home Rule Powers Act, Ch. 166, F.S., "shall be construed to permit any changes in a special law or municipalcharter which affect . . . any rights of municipal employees, without approval by referendum of the electors . . . ." (e.s.) Thus, any special law or charter provision relating to any rights of municipal employees would be unaffected by the Municipal Home Rule Powers Act, and any amendment or modification of such a speciallaw or charter provision would require referendum approval as prescribed by s 166.031, F.S. See, Resedean v. Civil Service Board of the City of Pensacola, 332 So.2d 150, 151-152 (1 D.C.A.Fla., 1976); AGO's 83-39, 77-135, 75-158, 75-136, 73-478. And see, AGO 73-427 concluding that a municipal pension plan, whether voluntary or mandatory, established by municipal charter is a right of municipal employees since it presents an enforceable claim and therefore, such a plan may not be changed by municipal ordinance without a referendum as to existing employees; stating that a municipality can establish a different retirement system for future employees (who have no right in any plan), which present employees could elect to join, and this could be accomplished without a referendum.
While s 166.021(4), F.S., does require a referendum of the electors prior to changes in a special law or municipal charter
which affect any rights of municipal employees (construed to include retirement systems by AGO 73-427), ss 15-17, Ch. 57-1331, Laws of Florida, provide for a municipal retirement fund or system and criteria for benefits under such system to be established byordinance by the City Commission of the City of Fort Pierce. The pertinent provisions of s 166.021(4), F.S., do not, by their express terms, apply to changes made to other than a special law or municipal charter and so would not apply to amendments to an ordinance establishing a retirement fund or system and criteria for benefits payable thereunder. See, AGO 73-488 stating that the Miami Shores Village Council may increase the pension benefits to retired municipal employees without a referendum of the electors when the pension fund, although authorized by a special law, is established by ordinance, so long as the one-mill limitation fixed by the ordinance on the amount of the village's contribution to such fund is not exceeded.
Therefore, it is my opinion that, so long as and to the extent that any changes in or amendments to the ordinance establishing the retirement fund or system of the City of Fort Pierce established pursuant to ss 15, 16 and 17, Ch. 57-1331, Laws of Florida, as amended, fall within the parameters of these statutory provisions and do not cause the rate of interest for computing contributions and benefits to exceed or fall below the amounts prescribed by the act, approval by referendum of the electors is not required but such changes and amendments may be made by a duly enacted ordinance of the City Commission of the City of Fort Pierce.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General