Robert D. Klausner General Counsel Jacksonville Police and Fire Pension Board of Trustees
QUESTION:
1. May the current structure and powers of the Jacksonville Police and Fire Pension Board of Trustees, as established by special act of the Legislature and codified in the Jacksonville City Charter be altered by local ordinance or by a subsequent act of the State Legislature or by charter amendment approved in a referendum by the electors pursuant to s. 166.021(4), F.S.?
2. Is the Jacksonville Police and Fire Pension Board of Trustees authorized to set its own policy for: (a) reimbursement for travel; (b) accounting; (c) personnel rules; (d) purchasing policies?
3. Is the Jacksonville Police and Fire Pension Board of Trustees required to submit its annual budget to the Jacksonville City Council for approval?
SUMMARY:
1. The structure and powers of the Jacksonville Police and Fire Pension Board of Trustees may be altered by a subsequent act of the Legislature or, as provided in s. 166.021(4), F.S., by charter amendment after approval by referendum.
2. The Jacksonville Police and Fire Pension Board of Trustees must utilize the provisions of s. 112.061, F.S., regarding reimbursement of board members for per diem and travel expenses. However, the board is authorized to establish its own accounting regulations, personnel rules and purchasing policies.
3. The pension board of trustees is not required to submit its annual budget to the Jacksonville City Council for approval.
AS TO QUESTION 1:
Chapter 90-442, Laws of Florida, makes provision in the Charter of the City of Jacksonville for the Jacksonville Police and Fire Pension Board of Trustees (the board).[1] The board is made up of five members: two must be legal residents of the City of Jacksonville and are appointed by the city council; one must be a police officer who is elected to the board by a majority of the police officers who are members of the pension fund; one must be a firefighter who is similarly chosen; and the last board member must be chosen by a majority of the previous four members. The name of the fifth member must be submitted to the city council, which is required, merely as a ministerial act, to appoint him or her as the fifth member of the board. Thus, a majority of the members of the pension board are appointed.
Section 166.021(4), F.S., specifically provides that nothing in Ch. 166, F.S., the Municipal Home Rule Powers Act, shall be construed to permit any changes in a special law or municipal charter which affect . . . matters prescribed by the charterrelating to appointive boards . . . without approval by referendum of the electors as provided in s. 166.031.(e.s.) Thus, any special law or charter provision relating to appointive boards would be unaffected by the Municipal Home Rule Powers Act, and any amendment or modification of such a special act or charter provision would require referendum approval as prescribed by s.166.031, F.S.[2]
It is my opinion that the structure and powers of the Jacksonville Police and Fire Pension Board of Trustees fall within the scope of matters relating to appointive boards[,] as contemplated by the statute.[3] Therefore, pursuant to s. 166.021(4), F.S., any such change can only be made at the local level after approval by a referendum as provided in s. 166.031, F.S.[4]
Further, as was done with the enactment of Ch. 90-442, Laws of Florida, which amended Ch. 67-1320, Laws of Florida, the Legislature itself may amend previously enacted legislation.[5]
AS TO QUESTION 2:
(a) Travel Expenses and Per Diem
You ask whether the Jacksonville Police Officers and Firefighters Pension Board of Trustees is authorized to establish its own policy for the reimbursement for travel by board members.
Pursuant to s. 2, Ch. 90-442, Laws of Florida,[6]
[b]oard members shall not receive any compensation as such, but may receive expenses and per diem as provided by law. (e.s.) This is the sole provision in the special act relating to the reimbursement of expenses and per diem for board members.[7]
The term "by law" has been construed to mean a statute adopted by both houses of the Legislature.[8] Thus, the members of the Jacksonville Police Officers and Firefighters Pension Board of Trustees are bound, by the clear terms of the special act, to follow those provisions of state law relating to expenses and per diem. The state statutory provisions relating to travel expenses and per diem for public officers, employees, and authorized persons are contained in s. 112.061, F.S.
Therefore, it is my opinion that the members of the Jacksonville Police Officers and Firefighters Pension Board of Trustees have no authority to set their own policy regarding the reimbursement of travel expenses and per diem but are bound by the provisions of s.112.061, F.S.
(b) Accounting Policies
Regarding the authority of the board of trustees to establish internal accounting policies for the Jacksonville Police and Fire Pension Fund,[9] the special act makes the board the sole entity responsible for administering the fund.[10]
Chapter 90-442, Laws of Florida, also sets forth a number of specific procedures relating to the administration of the fund. These provisions authorize the board to:
 (8) Make rules and regulations for the administration of the pension plan[11] which are not inconsistent with the terms and provisions of law.
* * *
(11) Determine all questions relating to the administration of the pension fund in order to promote the uniform administration of the pension fund and to effectuate its purposes and provisions.
* * *
(14) Cause a general investigation to be made by a competent actuary and at least once every 3 years or as required by law thereafter of the retirement, disability, separation, mortality, interest, and employee earning rates; recommend, as a result of such investigation, the tables to be adopted for all required actuarial calculations; cause an annual determination to be made by a competent actuary of the liabilities and reserves of the pension plan and the annual determination of the amount of the contributions required by the city; and maintain the funds of the pension plan on a sound actuarial basis. A copy of this actuarial study shall be furnished to the city council by the board immediately upon its receipt. (15) Cause an audit of the affairs of the pension plan to be made annually by an independent certified public accountant, and submit a copy thereof to all interested parties as soon as possible after the end of the fiscal year.
The board is also made specifically subject to the provisions of Chs. 175 and 185, F.S., which deal with municipal firefighters' pension trust funds and municipal police officers' retirement trust funds, respectively, and Part VII, Ch. 112, F.S., the "Florida Protection of Public Employee Retirement Benefits Act." To the extent these statutes establish procedures in addition to those set forth in the special act, the board of directors of the Jacksonville trust fund should comply with these additional requirements. However, my examination of these chapters indicates that the administration procedures set forth therein closely follow and do not conflict with those in Ch. 90-442, Laws of Florida.[12]
Thus, within this framework, the Jacksonville Police and Fire Pension Board of Trustees is authorized to establish accounting policies for administration of the fund.
(c) Personnel Rules
Chapter 90-442, Laws of Florida, authorizes the pension board to "[e]mploy and fix the compensation of an administrator and any consultants, attorneys, actuaries, accountants, and other employees or contractors as the board may require."[13]
In addition to the this specific grant of employment authority, the board possesses the more general power to exercise "such powers as it may reasonably determine to be necessary or appropriate to the performance of its duties . . . ."[14]
A state administrative agency or officer possesses no inherent power and may exercise only such authority as is expressly conferred by law or must be necessarily implied from such an express grant of power.[15] Implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers expressly granted.[16]
The power to adopt and implement personnel rules would appear to be necessarily or fairly or reasonably implied from the power of employment. Therefore, it is my opinion that the Jacksonville Police and Fire Pension Fund Board of Trustees is authorized to adopt personnel rules and regulations for its employees.
I would note that, pursuant to Ch. 90-442, Laws of Florida, "the provisions of ss. 112.311-112.3175 [F.S.]" apply to the members of the board.[17] These statutes comprise Part III, Ch.112, F.S., the Code of Ethics for Public Officers and Employees. Thus, the personnel rules adopted and implemented by the pension board must include and make applicable to members of the board these statutory provisions.
(d) Purchasing Policies
With regard to purchases, the pension fund board is authorized to "[e]nter into contracts, leases, or other transactions" by the terms of the special act.[18] In addition, the board has the power to "[a]uthorize and direct the payment from the pension fund of all expenses and fees incurred in the administration of the pension fund."[19] While you have not indicated what types of purchases are contemplated by this question, I assume from your letter that you are concerned with the needs of the board for such things as office equipment rather than policies for making authorized investments of the pension fund.[20]
Based on the previous discussion of implied powers, it is my opinion that the power to adopt and implement administrative rules relating to purchases of such things as office supplies made by the board may be implied from the express powers to contract and pay for expenses incurred in managing the pension fund.
AS TO QUESTION 3:
You ask whether the Jacksonville Police and Fire Pension Board of Trustees is required to submit its budget to the Jacksonville City Council for approval.
Chapter 90-442, Laws of Florida, establishes the pension board of trustees as an independent agency under the city charter.[21]
No provision of the special act, Chs. 175 or 185, F.S., or Part VII, Ch. 112, F.S., requires the board of trustees to submit its budget to the city for review.[22]
In the absence of any requirement that the Jacksonville Police and Fire Pension Board of Trustees submit its budget to the city for approval, and in light of the expressed independent nature of the board, it is my opinion that the board's budget is not required to be approved by the City of Jacksonville.
[1] Section 2, Ch. 90-442, Laws of Florida, creates a new article 22 of the Jacksonville City Charter, ch. 67-1320, Laws of Florida.
[2] See, AGO 83-39 (appointment of alternate members with voting power to an appointive municipal civil service board created by special law is a matter that can only be accomplished by the governing board of the municipality by a charter amendment with the approval by referendum of the electors of the municipality as prescribed by s. 166.031, F.S.) and AGO's 77-135, 75-136, 75-158, and 73-478; cf., Resedean v. Civil Service Board of the City of Pensacola, 332 So.2d 150, 151-152 (1 D.C.A. Fla., 1976).
[3] See, AGO 84-12, which defines the word "matter" for purposes of s. 166.021(4), F.S., as "that with regard to or about which anything takes place or is done." As that opinion states, the word is of the broad signification and "[w]hen the Legislature uses a term of general import or wide meaning, it must be interpreted broadly enough to embrace within it all the things to which its generality reasonably extends."
[4] See also, AGO 84-12, concluding that a municipality is without authority to amend a city charter provision to change the name of the city's appointive planning and zoning board of appeals without the approval by referendum pursuant to s. 166.031, F.S.; and AGO 83-39, concluding that adding alternate members to an appointive board created by special law could only be accomplished by a charter amendment with the approval by referendum of the electors.
[5] See, Neu v. Miami Herald Publishing Co.,462 So.2d 821 (Fla. 1985). And see generally, 82 C.J.S. Statutes s. 243b. (the power to amend statutes generally resides in the lawmaking body and may not be delegated to others; and one Legislature cannot limit or enlarge the general power of a subsequent Legislature in the matter of amendments).
[6] Section 22.02(2), Art. 22, of the Jacksonville City Charter.
[7] Section 112.06(1)(b)2., F.S., provides that "[t]he provisions of any special or local law, present or future, shall prevail over any conflicting provisions in this section, but only to the extent of the conflict." Compare, the provisions in Ch. 90-442, Laws of Florida, with those of s. 12, Ch. 79-561, Laws of Florida, which authorize the members of the Santa Rosa County Civil Service Board to be paid "an amount to be determined by joint resolution of the Board of County Commissioners of Santa Rosa county and the Santa Rosa County School Board to defray expenses in the discharge of official duties. . . ."
[8] See, Advisory Opinion to Governor, 22 So.2d 398
(Fla. 1945); AGO 84-51 (ordinance of noncharter county not a "law" within the purview of s. 5[c], Art. II, State Const.); AGO 84-39 (municipal ordinance not a "law" within the meaning os s. 8, Art. I, State Const.); AGO 79-109 (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for imposition of civil penalties by agencies of county); Broward County v. Plantation Imports, Inc.,419 So.2d 1145 (4 D.C.a. Fla., 1982) (holding that provisions of a county ordinance authorizing assessment of penalties by county agency was unconstitutional, and agreeing with conclusion reached in AGO 79-109).
[9] The Jacksonville Police and Fire Pension Fund was created by Ch. 18615, Special Acts of Florida, 1937.
[10] See, s. 2, Ch. 90-442, Laws of Florida, which sets forth s. 22.04(1), Art. 22, of the Jacksonville City Charter.
[11] The terms "[p]ension plan" and "pension fund" are used interchangeably in the special act and are defined in s.22.03(4), Art. 22, of the city charter to mean "the Jacksonville Police and Fire Pension Fund as created by Chapter 18615, Special Acts of Florida, 1937."
[12] See, e.g., 185.06(3), F.S. which places "[t]he sole and exclusive administration of, and the responsibilities for, the proper operation of the [municipal police officers'] retirement trust fund . . . in the board of trustees [;]" and s. 175.071(4), F.S., which places :sole and exclusive administration" of the municipal firefighters' pension trust fund with the board of trustees.
[13] Section 2, Ch. 90-442, Laws of Florida, setting forth s. 22.04(5), Art. 22, of the Jacksonville City Charter.
[14] Section 2, Ch. 90-442, Laws of Florida, setting forth the text following s. 22.04(15), Art. 22, of the Jacksonville City Charter.
[15] See, e.g., Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944), Lang v. Walker, 35 So. 78, 80 (Fla. 1903), AGO's 78-135, 78-94, 75-299, and 71-28. And see generally, 67 C.J.S. Officers ss. 190, 192 (1978) and 73 C.J.S. PublicAdministrative Law and Procedure s. 50 (1983).
[16] See, e.g., State v. Atlantic Coast Line R. Co., 47 so. 969, 974 (Fla. 1908); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75, 76 (1 D.C.A. Fla. 1874). Andsee generally, 1 Am.Jur.2D Administrative Law and Procedure
s. 44 (1962).
[17] Section 2, Ch. 90-442, Laws of Florida, providing for s. 22.02(4), Art. 22, of the Jacksonville City Charter.
[18] Section 2, Ch. 90-442, Laws of Florida, setting forth s. 22.04(4), Art. 22, of the Jacksonville City Charter.
[19] Id., s. 22.04(12) of the charter.
[20] The special act clearly regulates investment in certain obligations of United States, bonds and accounts. In addition, the authorized purchases of annuities or other benefits or investments for the fund, must be made in compliance with the provisions of Chs. 175 and 185, F.S. See, ss. 175.081 and185.061, F.S., which provide that when the boards of trustees of a municipal firefighters' or police officers' pension trust funds purchase annuity or life insurance contracts certain enumerated principles must be observed.
[21] See, Title and s. 1, Ch. 90-442, Laws of Florida.And see, ss. 175.311 and 185.31, F.S., which make the boards of municipal firefighters' and police officers' trust funds independent of the municipalities for which they serve.
[22] Compare, ch. 90-442, Laws of Florida, does require, in s. 22.04(14), Art. 22, that the board:
Cause a general investigation to be made by a competent actuary and at least once every 3 years or as required by law thereafter of the retirement, disability, separation, mortality, interest, and employee earning rates; recommend, as a result of such investigation, the tables to be adopted for all required actuarial calculation; cause an annual determination to be made by a competent actuary of the liabilities and reserves of the pension plan and the annual determination of the amount of the contributions required by the city; and maintain the funds of the pension plan on a sound actuarial basis. A copy of thisactuarial study shall be furnished to the city council by theboard immediately upon its receipt. (e.s.)
Thus, the special act does require the board to be accountable to the Council of the City of Jacksonville with regard to this actuarial study.
I would also note that prior to adoption in its present form Ch. 90-442, Laws of Florida, contained a requirement that the board of trustees establish an annual budget for approval by the city council. This provision was deleted.