380 So.2d 503 (1980)
AGRICO CHEMICAL COMPANY, Appellant,
v.
DEPARTMENT OF ENVIRONMENTAL REGULATION, Freeport Sulphur Company, Division of Freeport Minerals Company, and Sulphur Terminals Company, Inc., Appellees.
No. 79-2029.
District Court of Appeal of Florida, Second District.
February 22, 1980.
James T. Butler and Edward P. de la Parte, Jr., of de la Parte & Butler, Tampa and John T. Allen, Jr., St. Petersburg, for appellant.
Richard M. Goldstein, William L. Earl and Paul H. Amundsen, of Peeples, Earl, Smith, Moore & Blank, Miami, Mary F. Clark, Tallahassee, for appellees.

ON MOTION TO DISMISS
PER CURIAM.
The Motion to Dismiss the cross-appeals in this case squarely raises the question of whether the time limit for taking a cross-appeal under the present appellate rules is jurisdictional. This court previously denied motions to extend the time for serving the instant notices of cross-appeal, recognizing that the time period might well be jurisdictional. The record herein reflects that which is undisputed by the parties: appellees Freeport's and Sulphur Terminals Company's *504 notices of cross-appeal (unless the time was tolled or extended) were untimely served.
The method of initiating a cross-appeal under the "new" (1977) rules of appellate procedure is by serving a notice of cross-appeal within ten days of the main notice of appeal or within thirty days of rendition of the order appealed from, whichever is later.[1] Under the "old" (1962) rules, a cross-appeal was initiated by filing a cross-assignment of error within ten days after the appellant had filed his assignments of error.[2] Unlike the strict jurisdictional construction given the time limit as to the main appeal, under the old appellate rules the ten-day time limit for filing cross-assignments of error was considered non-jurisdictional and, hence, could be extended.[3] We have been cited, and have found, no cases which decide whether the time period for initiating a cross-appeal under the new appellate rules is jurisdictional.
Cross-appellee argues that because the new rules refer to a notice of cross-appeal, the time limit should be considered jurisdictional as with the notice of appeal. Cross-appellant points out that the new rules refer to serving the notice of cross-appeal in contrast to filing a notice of appeal, arguing that serving is not a jurisdictional event. Cross-appellant further argues that the appellate court already has jurisdiction by virtue of the filing of the notice of appeal.[4]
We are of the opinion that the time for initiating a cross-appeal could have been made jurisdictional by the appellate rules. Because making the time limit for cross-appeals jurisdictional would be a major change from the construction of the former appellate rules, it is presumed that the new rules would be explicit. Unfortunately, however, neither the rule itself nor the commentary thereto specifically addresses the jurisdictional issue. For this reason, and keeping in mind that the rules refer to service of a notice of cross-appeal, we hold that the appellate court acquires jurisdiction of the case by virtue of the filing of the main notice of appeal and the time for service of the notice of cross-appeal is non-jurisdictional and may be extended. This does not mean that the time limit will be extended in any given case. The time limit should ordinarily be complied with. Failure to do so might well result in losing the opportunity to cross-appeal.
Here, motions for extension were filed before the time limit had expired and the notices of cross-appeal served very soon thereafter. Therefore, the previous order of this court denying the motions for extension is withdrawn, the motions for extension are granted and the motion to dismiss cross-appeals is hereby denied.
GRIMES, C.J., and SCHEB and RYDER, JJ., concur.
NOTES
[1] Rule 9.110(g), Fla.R.App.P.
[2] Rule 3.5(b), Fla.R.App.P.
[3] See commentary to Rule 3.5(b), Fla.R.App.P. 1962 revision.
[4] In addition to arguing that the time limit is non-jurisdictional and may be extended by this court, cross-appellant also argues that the filing of its motion to extend time on the last day for serving a timely notice of cross-appeal tolled the time for such service pursuant to Rule 9.300(d), Fla.R.App.P. Thus, cross-appellant urges that its notice of cross-appeal, served on the day that the motion for extension was denied, was timely, however, if the time limit is jurisdictional, not only could the time not be extended by order of this court but a motion to extend the time would not automatically toll the time. Therefore, the question of whether the time limit is jurisdictional cannot be avoided here.