379 So.2d 1334 (1980)
BRICKELL BAY CLUB CONDOMINIUM ASSOCIATION, INC., etc., Appellant,
v.
Michael FORTE et al., Appellee.
No. 79-2148.
District Court of Appeal of Florida, Third District.
February 29, 1980.
Podhurst, Orseck & Parks, Sinclair, Lewis, Siegel & Heath, Miami, for appellant.
*1335 Hall & Hauser, Miami, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.

ON MOTION TO DISMISS CROSS-APPEAL
SCHWARTZ, Judge.
The appellant has moved to dismiss the cross-appeal on the ground that the notice of cross-appeal was untimely filed. As expressly permitted by order of this court, the notice of cross-appeal was served and filed beyond the 10 day period provided by Fla.R. App.P. 9.110(g). The present motion is based on the contention that this provision is jurisdictional and therefore, of course, not subject to extension in any way. We do not agree.
While this previously undecided question of the proper interpretation of the "new" appellate rules is certainly not free from difficulty, we believe that, since the jurisdiction of the appellate court is invoked by the filing of the initial notice of appeal, Fla.R.App.P. 9.110(b), the notice of cross-appeal is properly regarded as no more than a subsequent procedural step in the appellate process. As such, and notwithstanding the hybrid nature of its name, the notice of cross-appeal is much more closely analogous to the cross-assignments of error it was designed to replace, see committee note to Fla.R.App.P. 9.110, than to a notice of appeal. Therefore, just as in the case of assignments and cross-assignments of error under the "old" rules, e.g., Coggan v. Coggan, 161 So.2d 550 (Fla.2d DCA 1964), the time for its filing is not jurisdictional and may be extended by order of court.[1]
Motion denied.
NOTES
[1] We reach this conclusion notwithstanding the no-doubt inadvertent omission in the new rules of an equivalent to Fla.App. Rule 3.5(d), which specifically so provided.