384 So.2d 163 (1980)
SAFECO INSURANCE COMPANY, Appellant,
v.
Tracy E. ROCHOW et al., Appellees.
No. NN-451/T1-92, NN-471/T1-92A.
District Court of Appeal of Florida, Fifth District.
April 30, 1980.
Rehearing Denied June 10, 1980.
*164 Sam Daniels, Miami, and Dennis J. Wall, Orlando, for appellant.
John W. Tanner, Daytona Beach, for appellees.
UPCHURCH, Judge.
Defendant, Safeco Insurance Company, appeals a final order of the Circuit Court for Volusia County holding an agreement between appellees and appellant valid but incapable of performance. Plaintiffs, the Rochows, have cross appealed the same order raising as error a finding of the trial court that Safeco was liable for the Rochows' damages only if they exceeded $60,000.00.
The first question is whether this court can consider a cross appeal because appellees did not file their notice of cross appeal within the required time.
This question has been recently answered in Agrico Chemical Co. v. Department of Environmental Regulation, 380 So.2d 503 (Fla.2d DCA 1980), which held that filing of a notice of cross appeal was not jurisdictional.
In the case before us, the appeal questions the trial court's order dated April 4, 1979. The cross appeal raises as error a finding of fact in that same order. Appellant's notice of appeal raises as error "[w]hether the trial judge erred in holding that the agreement is incapable of performance and is, therefore, no longer binding on the parties." To consider this point, we must consider the factual findings of the lower court. We do not agree with appellant that we are prevented from looking at any factual matters which Safeco considers favorable to it because appellees were not diligent in filing a notice of cross appeal. We cannot consider one without the other. While we do not readily disregard the requirement of a notice of cross appeal we also hold that it is not jurisdictional.
Tracy Rochow, a minor, was injured while a passenger on a motorcycle which collided with a truck. Ron Rongstad, insured by Northland Insurance Company with policy limits of $10,000.00, operated the motorcycle. Robert Railey, insured by State Farm Insurance Company for policy limits of $50,000.00, was the owner of the truck. The Rochows, who sued Railey and State Farm in 1975, had uninsured and underinsured coverage with Safeco and asserted an underinsured motorist's claim against Safeco.
In 1977, Safeco and the trial court approved a settlement by the Rochows with the Rongstads and Northland for their $10,000.00 policy limits. Counsel for Safeco and the Rochows then executed an agreement waiving arbitration required under their policy and agreed to be bound by the jury's verdict in the Rochow v. Railey and State Farm case as to the amount of damages. They agreed that should the jury verdict against Railey and State Farm exceed $60,000.00 (the total of the State Farm and Northland policies), Safeco Insurance Company would pay the excess up to its policy limits. If less than $60,000.00, the Rochows would make no further demands against Safeco. The agreement did not specifically address the possibility that the jury might find Railey not negligent. The trial court determined that the jury considered only the issue of Railey's liability. Having found Railey non-negligent, the jury did not reach the issue of damages. Therefore, the court concluded the agreement was incapable of performance. Safeco contends this was error because the agreement provided that if the jury's verdict was less than $60,000.00 the Rochows would have no further claim against Safeco.
We agree with the trial court.
The interpretation by a trial court of a contract between the parties should not be reversed by an appellate court unless it is clearly incorrect and unsupported by the evidence in the cause. Murphy v. Murphy, 370 So.2d 403 (Fla.3d DCA 1979). The trial court's interpretation was reasonable. To accept the interpretation of the agreement *165 urged by Safeco would result in a pure windfall for Safeco and a forfeiture by the Rochows, a result which neither party anticipated and for which neither party bargained. The Rochows had purchased and paid for insurance protection and Safeco had promised to afford that protection. To permit Safeco to avoid its undertaking because of the fortuitous wording of an agreement designed solely to simplify the resolution of the issues would be manifestly unjust. The clear purpose of the agreement was to provide an effective method of determining the extent of Safeco's liability without the necessity or expense of arbitration to the Rochows or to Safeco. However, the agreement simply failed to foresee the eventuality that the jury might absolve Railey of liability and not even consider the amount of damages. There was a condition implied in the contract that the jury determine the amount of damages, a condition that neither the Rochows nor Safeco had within their power to perform or to compel. Burns v. Board of Public Instruction of Okaloosa County, 212 So.2d 654 (Fla. 1st DCA 1968). Therefore, the conclusion of the trial court that the agreement was incapable of performance was correct.
The agreement had determined that the Safeco policy would be utilized only after exhaustion of the benefits afforded by the $10,000.00 policy covering Rongstad and the $50,000.00 policy protecting Railey. While we agree with the trial judge's holding, we disagree with his finding that "Rongstad's liability has not been judicially determined, and if he was negligent and if Tracy Rochow's damages exceeded $60,000.00, Safeco is liable for such excess up to its policy limits." The trial court correctly held that the agreement was incapable of performance and was therefore no longer binding on the parties. The parties, not being bound, are not bound for any purpose. We therefore conclude that Safeco's liability is not affected to any extent by the unenforceable agreement.
AFFIRMED.
COBB and SHARP, JJ., concur.