389 So.2d 1247 (1980)
COUNTY SANITATION and Commercial Union Assurance Companies, Appellants,
v.
Mark A. ROSS, C.J. Goodrich Construction, and Florida Farm Bureau Insurance Co., Appellees.
No. VV-473.
District Court of Appeal of Florida, First District.
November 13, 1980.
Harry D. Robinson, P.A., West Palm Beach, for appellants.
Marjorie D. Gadarian, of Jones & Foster, P.A., West Palm Beach, for appellees.
WENTWORTH, Judge.
Employer/carrier Goodrich Construction and Florida Farm Bureau have moved to dismiss this appeal from a workers' compensation order or to be dismissed as parties appellee because the notice of appeal was not amended to name Goodrich and Florida Farm or served on them within 30 days after entry of the order appealed. We deny the motion but extend the time for these parties to cross-appeal.
Claimant, Ross, sustained two work-related back injuries. At the time of the first *1248 accident he was employed by County Sanitation. At the time of the second accident he was employed by C.J. Goodrich Construction Company. Ross filed a claim for benefits under both employers and their carriers. Goodrich and its carrier asserted that all of claimant's injury and disability were due to the accident which occurred when claimant was employed by County Sanitation. Goodrich sought reimbursement from County Sanitation for all disability and medical benefits paid to or in claimant's behalf. The deputy commissioner found both accidents compensable and found that each employer/carrier was equally responsible for temporary total benefits and medical care after the second accident. County Sanitation was ordered to reimburse Goodrich for 50% of the temporary disability and medical benefits already paid.
County Sanitation filed a timely notice of appeal specifically identifying the order appealed but listing the claimant as the only party appellee. Only the claimant was served with the notice of appeal. Goodrich, unaware that an appeal had been taken, began paying its portion of the temporary disability compensation due under the order. Approximately two months after the deputy's order was rendered, Goodrich received an amended notice of appeal listing the claimant, Goodrich and its carrier as parties appellee. Fifteen days later, Goodrich and its carrier filed this motion to be dismissed as parties appellee.
Under the Florida Appellate Rules, 1962 Revision, when an appeal was taken, all parties to the cause not named as parties appellants were automatically parties appellee. Rule 3.11, F.A.R. If the notice of appeal adequately identified the order appealed from, the notice was sufficient to withstand a motion to dismiss. Greyhound Corporation v. Carswell, 181 So.2d 638 (Fla. 1966). Notices of appeal which failed to name certain defendants as appellees were not subject to dismissal when the notice adequately designated the judgment appealed. Tamiami Abstract and Title Company v. Malanka, 183 So.2d 22 (Fla.2d DCA 1966).
The 1977 revision of the Florida Rules of Appellate Procedure substantially reworded the rule concerning parties. Fla.R.App.P. 9.360. The first section of the new rule establishes the procedure for a party to the cause in the lower tribunal to join in a proceeding as a petitioner or appellant. No specific reference is made to joinder of additional respondents or appellees. However, Rule 9.020(f)(2) defines the term "appellee" as "every party in the proceeding in the lower tribunal other than an appellant." Fla.R.App.P. 9.020(f)(2). The clear intent of the rule is to continue the practice of the earlier rule. The committee notes following Rule 9.360 express this intent by stating: "This rule is intended as a simplification of the former rules with no substantial change in practice."
In the present case appellees Goodrich and its carrier were clearly parties to the cause in the lower tribunal and to the resulting order on appeal. It is also clear that the original notice of appeal timely filed in this case specifically identified the order appealed. Since the notice requirements of Rule 9.100, Florida Rules of Appellate Procedure, were met, the jurisdiction of this court was properly invoked.
A copy of all documents filed pursuant to the Rules of Appellate Procedure are to be served on each of the parties before filing or immediately thereafter. Fla.R.App.P. 9.420(b). However, service of the notice of appeal is not jurisdictional. State v. Carroll, 151 So.2d 5 (Fla. 1963); Williams v. State, 324 So.2d 74 (Fla. 1975). While the sanction of dismissal is clearly available in proper circumstances for failure of appellant to comply with the rules, we decline to do so in this case. That extreme sanction should be imposed only when there has been a showing of substantial prejudice. Appellees here argue they have been prejudiced by paying out temporary disability benefits during the pendency of this appeal without provision for recoupment. Additionally, appellees contend that they have been prejudiced because they have been precluded from filing a cross-appeal because the time for filing a notice of cross-appeal has expired.
*1249 The time for filing a notice of cross-appeal has been held nonjurisdictional and may be extended by the court. Agrico Chemical v. Department of Environmental Regulation, 380 So.2d 503 (Fla.2d DCA 1980); Brickell Bay Club Condominium Association v. Forte, 379 So.2d 1334 (Fla.3d DCA 1980). Safeco Insurance Company v. Rochow, 384 So.2d 163 (Fla.5th DCA 1980). Under the circumstances of this case we conclude in favor of appellees' right to file a notice of cross-appeal although the time prescribed by the rules has expired.
The appellees' apparent inability to recoup monies paid in compliance with the appealed order does not in the circumstances shown here warrant their dismissal as parties appellee. We express no opinion as to what liability County Sanitation and its carrier may have with regard to monies expended by appellees.
The motion to be dismissed as parties appellee or to dismiss appeal is hereby denied. Appellees C.J. Goodrich Construction and Florida Farm Bureau Insurance Company shall have the right to cross-appeal by serving a notice within ten (10) days of the filing of this opinion.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.