397 So.2d 1058 (1981)
WEBB GENERAL CONTRACTING, INC., Appellant,
v.
PDM HYDROSTORAGE, INC. and Federal Insurance Company, Appellee.
No. 81-618.
District Court of Appeal of Florida, Third District.
May 13, 1981.
*1059 Jansen & DeGance and Joseph DeGance, Fort Lauderdale, for appellant.
Anderson & Moss and Karen A. Gievers, Miami, for appellee.
Before HENDRY, BASKIN and PEARSON, DANIEL S., JJ.

ON MOTION TO DISMISS CROSS-APPEAL
PEARSON, DANIEL S., Judge.
Webb General Contracting, Inc., PDM Hydrostorage, Inc. and Federal Insurance Company were co-defendants in a suit brought against them by Benson Electric, Inc. Webb cross-claimed against PDM and Federal alleging breach of contract; PDM and Federal cross-claimed against Webb alleging Webb's agreement to indemnify them for legal services rendered and costs incurred in defending against Benson's suit. On February 25, 1981, the trial court entered a final judgment in favor of Webb pursuant to a jury verdict on the cross-claim against PDM and Federal. On the same day, the trial court entered a final judgment in favor of PDM and Federal against Webb on their indemnity cross-claim.
On March 26, 1981, Webb took a timely appeal to this court from the judgment entered against it. Within ten days thereafter, see Fla.R.App.P. 9.110(g), but beyond the jurisdictional thirty days allowed for filing a direct appeal from the judgment entered against it, see Fla.R.App.P. 9.110(b), PDM and Federal filed a timely notice of cross-appeal seeking review of the separate judgment entered against them. Webb has moved to dismiss this cross-appeal.
We grant Webb's motion and dismiss PDM and Federal's cross-appeal. The rule allowing for a cross-appeal contemplates an appeal from the same judgment from which the original appeal is taken. Wolfe v. City of Miami, 114 Fla. 238, 154 So. 196 (1934); Brown v. Vancleave, 86 Ky. 381, 6 S.W. 25 (1887). See also 4 Am.Jur.2d, Appeal and Error § 178 (1962). The function of a cross-appeal is to call into question *1060 error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which the appellee believes itself entitled. It is not the function of a cross-appeal to seek review of a distinct and separate judgment, albeit rendered in the same case below, favorable to the appellant. Accordingly, in order for PDM and Federal to appeal the February 25, 1981, judgment entered against them, it was incumbent upon them to file a notice appealing that judgment within thirty days from its rendition. Even assuming, arguendo, that PDM and Federal could have effectively appealed this judgment through a "notice of cross-appeal," see, e.g., Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972); Hollimon v. State, 232 So.2d 394 (Fla. 1970), such a notice would have had to be timely filed. The cross-appeal taken by PDM Hydrostorage, Inc. and Federal Insurance Company is
Dismissed.