ON MOTION TO STRIKE NOTICE OF CROSS APPEAL
PER CURIAM.
This cause comes before us on appellant’s motion to strike the State’s notice of cross appeal. Appellant contends that this court lacks jurisdiction to entertain the cross appeal because the notice of cross appeal was not filed within 10 days of service of the notice of appeal.
Rule 9.140(c)(1)(H), Fla.R.App.P., permits the State to appeal a ruling on a question of law when a defendant appeals his judgment of conviction. Rule 9.140(c)(2), Fla.R. App.P., provides that in an appeal taken pursuant to Rule 9.140(c)(1)(H), the State’s notice of appeal shall be filed within 10 days of service of defendant’s notice of appeal. Appellant argues that the language of the rule requiring the notice of cross appeal to be “filed”, as opposed to “served”, is evidence that the requirement is jurisdictional, like the filing of the notice of appeal. In support of this position, appellant cites to Agrico Chemical Co. v. Department of Environmental Regula *1137 tion, 380 So.2d 503 (Fla. 2nd DCA 1980), which, in holding that service of a notice of cross appeal pursuant to Rule 9.110(g), Fla. R.App.P., is not jurisdictional, appeared to place some significance on the fact that service was required rather than filing.
We do not agree with appellant that the use of the term “file” rather than “serve” has any jurisdictional import. The mere use of one term or the other does not, in and of itself, determine whether a requirement is procedural or jurisdictional in nature. Under the former rules, a cross appeal was taken by “filing” cross assignments of error, yet the timely filing of the cross assignments of error was not deemed jurisdictional. See Agrico Chemical Co., supra; Brickell Bay Condominium Association v. Forte, 379 So.2d 1334 (Fla. 3rd DCA 1980). Further, this court has held that the timely “filing” of a notice of cross appeal in a workers’ compensation case is not jurisdictional. County Sanitation v. Ross, 389 So.2d 1247 (Fla. 1st DCA 1980).
We hold that the filing period for a notice of cross appeal by the state in a criminal case is procedural rather than jurisdictional. Jurisdiction over the cause is acquired by the appellate court upon the timely filing of the notice of appeal. See, e.g., Hollywood v. Clark, 153 Fla. 501, 15 So.2d 175 (1943). Because the court gains jurisdiction over the entire cause at the time the notice of appeal is filed, neither the timely filing of a notice of cross appeal, nor the failure to timely file such a notice will affect the jurisdiction of the appellate court. As the Third District Court of Appeal succinctly stated:
[SJince the jurisdiction of the appellate court is invoked by the filing of the initial notice of appeal, ... the notice of cross-appeal is properly regarded as no more than a subsequent procedural step in the appellate process.
Brickell Bay Condominium Association, 379 So.2d at 1335.
In holding that the filing of a notice of cross appeal under 9.140(c)(2) is not jurisdictional, we wish to emphasize that is a procedural requirement, and while the.filing period may be extended for good cause, this does not mean the period will be extended automatically or in every case. In most cases, the court will expect the time limits for filing to be complied with. However, when defendant will not suffer prejudice or be deprived of adequate notice, the court may, in its sound discretion, allow the state to file an untimely notice of cross appeal.
In this case, appellant does not allege and the court does not find that appellant has been prejudiced by the untimely filing of the notice of cross appeal. Therefore, appellant’s motion to strike the notice of cross appeal is denied.
ERVIN, C.J., and WENTWORTH and NIMMONS, JJ, concur.