460 So.2d 382 (1984)
FREE UNITHOLDERS OF OUTDOOR RESORTS AT ORLANDO, INC., Appellants,
v.
OUTDOOR RESORTS OF AMERICA, INC., Appellee.
No. 83-2602.
District Court of Appeal of Florida, Second District.
October 31, 1984.
As Amended on Rehearing December 14, 1984.
*383 Irby G. Pugh, Orlando, for appellants.
Scott J. Johnson of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
RYDER, Chief Judge.
Free Unitholders of Outdoor Resorts at Orlando, Inc., a group of lot owners at a recreational vehicle condominium known as Outdoor Resorts at Orlando, appeal from a final judgment enjoining the lot owners from renting their lots in violation of a 99-year exclusive rental provision in the Declaration of Condominium and declaring the provision to be valid and enforceable. We affirm.
Article XI of the Declaration of Condominium specifically provides that the developer of the project, Outdoor Resorts of America, Inc., shall have for a period of 99 years the exclusive right, in the absence of use by the lot owner or his designated guest, to rent the lots. The article also provides that the developer shall undertake an advertising program to promote lot rentals and split the gross amount of rent equally with the affected lot owner. The Declaration of Condominium was recorded in the public records prior to the sale of the first lot and the developer actively operated the rental program from the inception of the project.
Appellants have failed to carry their burden proving that Article XI is unconscionable and unenforceable as outlined in Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA 1982). The recording of the Declaration gave each potential lot purchaser at least constructive knowledge of its contents. No lot owner was forced to rent his lot. The terms of the exclusive rental provision do not amount to an outrageous degree of unfairness. Therefore, we affirm the trial court's judgment.
The developer has filed a cross-appeal from a separate judgment denying its motion for attorney's fees and granting it only part of its court costs. Its notice of appeal was filed beyond the jurisdictional thirty days allowed for filing a direct appeal from a judgment. Fla.R.App.P. 9.110(b). Because the developer did not appeal from the same judgment from which the original appeal was taken, the procedural rule concerning commencement of a cross-appeal does not apply. Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058 (Fla. 3d DCA 1981). Therefore, this court lacks jurisdiction to entertain the developer's appeal. Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982). The developer's appeal is dismissed.
Affirmed; cross-appeal dismissed.
DANAHY and SCHOONOVER, JJ., concur.