484 So.2d 619 (1986)
Doug MILLER, et al., Appellants,
v.
Lorrie NASSOFER, Appellee.
No. 84-1409.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
Rehearing Denied March 17, 1986.
*620 Jonathan C. Hollingshead, of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellants.
Kenneth V. Bevan, of Law Office of Arthur Baron, P.A., Orlando, for appellee.
GOSHORN, G.S., Associate Judge.
Doug Miller, John Miller, Sr. and the Dependable Insurance Company, Inc., the defendants below, appeal from the final judgment holding that the Millers, who are bail bondsmen, had unreasonably effected the re-arrest of Lorrie Nassofer and were thus liable for damages. Defendants argue that under the terms of the appearance bond executed with Nassofer, they could, for any reason, surrender Nassofer prior to the time set for her appearance and forfeit only the bond premium. We agree and reverse.
Following her arrest in 1982, Nassofer contracted with Dependable Insurance Company, through the Millers, for an appearance bond. Nassofer paid a $1,000 premium and defendants posted the $10,000 appearance bond on her behalf. This bond provided in part:
2. In the event surrender of principal is made prior to the time set for principal's appearances, and for reason other than as enumerated below in paragraph 3, then principal shall be entitled to a refund on the bond premium.
3. It is understood and agreed that the happening of any one of the following events shall constitute a breach of principal's obligation to Dependable Insurance Company, Inc., and Dependable Insurance Company, Inc., shall have the right to forthwith apprehend, arrest, and surrender principal, and principal shall have no right to any refund of premium whatsoever. Said events which shall constitute a breach of principal's obligations are:
(a) If principal shall depart the jurisdiction of the court without the written consent of the court and Dependable Insurance Company, Inc.
(b) If principal shall move from one address to another within the State of Florida without notifying Dependable Insurance Company, Inc., or its Agent in writing prior to said move.
(c) If principal shall commit any act which shall constitute reasonable evidence of principal's intention to cause a forfeiture of said bond.
(d) If principal is arrested and incarcerated for any offense other than a minor traffic violation.
(e) If principal shall make any material false statement in the application.
In mid-September 1982, the Millers received a tip that Nassofer intended to move from her home and skip bond. Without checking the basis for the tip, the Millers went to Nassofer's home to effect her re-arrest and surrender her. The Millers found a moving van parked outside Nassofer's mobile home. Nassofer testified she did not recognize the Millers when they approached her. She fled to the mobile *621 home park's clubhouse where she telephoned the police and her attorney. Her attorney unsuccessfully attempted to reassure the Millers that indeed Nassofer was merely storing some of her furniture. The police arrived and arrested Nassofer who was required to pay another $1,000 premium on a new bond. Nassofer then filed suit against the Millers and Dependable seeking damages for breach of the bond agreement. Following a non-jury trial, the court found that the Millers had acted unreasonably and awarded Nassofer $5,000 in damages.
On appeal, the defendants contend that the court incorrectly assessed damages. We agree. The evidence supports the determination that Nassofer did not violate the terms of the bond. However, paragraph 2 of the contract provided that if Nassofer was surrendered prior to her appearance time for any reason other than a breach of the bond by Nassofer, then she was only entitled to a refund of the bond premium. After determining Nassofer did not breach the bond, the trial court should have simply entered judgment in the amount of the bond premium.
On cross-appeal, Nassofer argues that the trial court erred in denying her motion for attorney's fees.
The function of a cross-appeal is to call into question error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which the appellee believes itself entitled. It is not the function of a cross-appeal to seek review of a distinct and separate judgment, albeit rendered in the same case below, favorable to the appellant.
Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058, 1059-60 (Fla. 3d DCA 1981). Since the order denying attorney's fees was a separate and distinct judgment, Nassofer should have filed a notice appealing that order within 30 days of its rendition. She failed to do so and accordingly we are without jurisdiction to consider it. Nassofer additionally urges that her notice of cross-appeal be considered a notice of direct appeal from the order denying attorney's fees. However, as such it was filed untimely.
The final judgment is reversed and the cause remanded for entry of a judgment in favor of Nassofer in the amount of $1,000.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ., concur.