528 So.2d 437 (1988)
Arthur BREAKSTONE and Beach Enterprises, Ltd. and David Lehr, Appellants,
v.
BARON'S OF SURFSIDE, INC., Appellee.
Nos. 88-297, 88-302.
District Court of Appeal of Florida, Third District.
June 21, 1988.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel Eaton, Miami, Greenspoon & Marder, Fort Lauderdale, for appellants.
Daniel Mones and Frank M. Marks, Miami, for appellee.
*438 Before HUBBART, BASKIN and FERGUSON[*], JJ.

ON MOTION TO DISMISS CROSS APPEAL
HUBBART, Judge.
The central question presented by appellants' motion to dismiss is whether this court has jurisdiction to entertain a cross appeal from a trial court order denying appellee's motion for attorney's fees where, as here, (1) appellants' notice of appeal states that the main appeal is taken from a final judgment and amended final judgment which were "rendered upon the denial of post-trial motions ...", and (2) the order denying post-trial motions is an omnibus trial court order which (a) denies appellants' timely motion for new trial and judgment n.o.v. and (b) denies appellee's motion for attorney's fees. For the reasons which follow, we hold that this court has no jurisdiction to entertain the above-stated cross appeal and grant appellants' motion to dismiss same.

I
The relevant facts are undisputed. The plaintiff/appellee Baron's of Surfside, Inc. brought an action below against the defendants/appellants Arthur Breakstone, Beach Enterprises, Ltd., and David Lehr to recover a broker's commission. The jury returned a verdict in favor of the plaintiff/appellee and a final judgment was entered thereon dated November 30, 1987. All the defendants/appellants filed timely motions for new trial and judgment n.o.v.; the plaintiff/appellee filed a motion for attorney's fees as the prevailing party. An amended final judgment was thereafter entered, dated December 31, 1987, which reaffirmed the prior final judgment and added a sum for costs and prejudgment interest. In an omnibus order dated January 5, 1988 and filed January 8, 1988, the trial court disposed of the parties' post-trial motions by denying them all  including (a) defendants/appellants' timely motions for new trial and judgment n.o.v., and (b) plaintiff/appellee's motion for attorney's fees.
On February 3, 1988, the defendants/appellants Arthur Breakstone and Beach Enterprises, Ltd. filed below the following notice of appeal:
"NOTICE IS GIVEN THAT Arthur Breakstone and Beach Enterprises, Ltd., defendants, appellants, appeal to the District Court of Appeal of Florida, Third District, the orders of this Court entered on November 30, 1987, and December 31, 1987, and rendered upon the denial of post-trial motions on January 5, 1988. The nature of the first order is a final judgment in favor of the plaintiff, and the nature of the second order is an amended final judgment in favor of the plaintiff."
(emphasis supplied).
On February 9, 1988, the plaintiff/appellee filed below the following notice of cross appeal:
"NOTICE IS GIVEN THAT BARONS OF SURFSIDE, INC., Plaintiff and Cross-Appellant, appeals to the District Court of Appeal of Florida, Third District, the orders of this Court rendered on January 5, 1988, denying Plaintiff/Cross Appellant attorneys fees and the Order of the Trial Court granting Defendant/Cross-Appellees Motion for Directed Verdict as to Count IV of the Amended Complaint at the conclusion of Plaintiff's evidence at trial. The nature of the orders appealed from are Final Orders."
(emphasis supplied).
The defendants/appellants Arthur Breakstone and Beach Enterprises, Ltd. now move this court to dismiss the italicized portion of the cross appeal which seeks review of the trial court's order denying the plaintiff/appellee's motion for attorney's fees.

II
Fla.R.App.P. 9.110(g) provides that "[a]n appellee may cross appeal by serving a notice within 10 days of service of the appellant's notice or within the time prescribed in section (b) of this rule [i.e., within *439 in 30 days of rendition of order to be reviewed], whichever is later." The filing of a cross appeal notice was intended "to replace the cross assignments of error" which were provided for under the "old" rules of appellate procedure, In re Emergency Amendments to Rules of Appellate Procedure, 381 So.2d 1370, 1382 (Fla. 1980); Fla.R.App.P. 9.110(g) Committee notes para. 8 (1977 rev.); see Fla.R.App.P. 3.5 b (1962 rev.). Because the time limit set for filing such cross assignments of error under the "old" appellate rules was considered non-jurisdictional in nature and could therefore be extended, so too it has been held that the time limit set for filing a notice of cross appeal under the current rule is also non-jurisdictional in nature and may be extended by the appellate court.[1] It is also plain that a notice of cross appeal, like the "old" cross assignments of error, must identify with particularity the exact adverse trial court order or ruling which the appellee claims is error.
It does not follow, however, that this court has jurisdiction to entertain a cross appeal from every order or ruling made in the case which is adverse to the appellee. This court's jurisdiction to entertain an appeal is invoked solely by the notice of appeal which must timely seek review of an appealable trial court order or orders. Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982); Dibble v. Dibble, 377 So.2d 1001 (Fla.3d DCA 1979); § 59.081(2), Fla. Stat. (1985). The notice of cross appeal, on the other hand, is not a jurisdiction-invoking document, but instead is in the nature of a cross assignment of error. See supra cases collected at note 1. It therefore follows that the cross appeal must necessarily "piggy back" jurisdictionally on the notice of appeal, and is, accordingly, confined to those trial court orders or rulings adverse to the appellee which either "merge" into or are an inherent part of the order or orders which are properly under review by the main appeal  much as the main appeal is confined to similar trial court orders or rulings which are adverse to the appellant.
We have recently stated:
"The rule [Fla.R.App.P. 9.110(g)] allowing for a cross-appeal contemplates an appeal from the same judgment from which the original appeal is taken. [Citations omitted]. The function of a cross-appeal is to call into question error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which the appellee believes itself entitled. It is not the function of a cross-appeal to seek review of a distinct and separate judgment, albeit rendered in the same case below, favorable to the appellant."
Webb Gen. Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058, 1059-60 (Fla.3d DCA 1981). By this we mean that a cross appeal is not a separate appeal in itself but "rides along" with the main appeal  that is, the cross appeal contemplates, jurisdictionally speaking, an appeal from the same judgment from which the original appeal is taken. The function of the cross appeal, then, is to call into question error in certain trial court orders or rulings adverse to the appellee which "merge" into or are an inherent part of the order or orders under review by the main appeal  although the latter may be favorable or substantially favorable to the appellee. It is not, however, the function of a cross appeal to seek review of a distinct and separate appealable order which does not otherwise "merge" into the order or orders from which the main appeal is taken. It has, accordingly, been held that a district court of appeal has no jurisdiction to entertain a cross appeal from a separately appealable, post-trial final order denying a motion for attorney's fees  where the main appeal is taken solely from the underlying final judgment  because such an attorney's fee order cannot, by definition, "merge" into the final judgment from which the main appeal is taken. Miller v. *440 Nassofer, 484 So.2d 619, 621 (Fla. 5th DCA 1986).

III
Turning to the instant case, we have no trouble in concluding that this court lacks jurisdiction to entertain that portion of the cross appeal which seeks review of the trial court's ruling denying the appellee's motion for attorney's fees, as contained in the omnibus order denying post-trial motions in the cause. This is so because the main appeal is taken solely from the final judgment and amended final judgment entered below  and the subject attorney's fee ruling is a separately appealable final order which does not "merge" into the final judgment and amended final judgment appealed from. Based on the established law of this state, as reviewed above, our sole jurisdiction, therefore, is to review the final judgment and amended final judgment entered below; we have no jurisdiction under the main appeal, and therefore no jurisdiction under the cross appeal, to review the separately appealable final order denying attorney's fees.[2] Moreover, we cannot treat the plaintiff/appellee's notice of cross appeal as a notice of appeal from this separately appealable order because the notice was untimely filed below more than thirty days after the rendition of the said order. Free Unitholders of Outdoor Resorts at Orlando, Inc. v. Outdoor Resorts of America, Inc., 460 So.2d 382 (Fla.2d DCA 1984); Webb Gen. Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d at 1060; Fla.R.App.P. 9.110(b).
To avoid this inexorable result, however, the appellee contends that it has a right to cross appeal the adverse attorney's fee ruling herein because it is contained in the order denying post-trial motions which, it is urged, the appellants have appealed. We do not agree because the appellants have not appealed from the order denying post-trial motions; they have appealed solely from the final judgment and amended final judgment entered below. It is true that the order denying post-trial motions is mentioned in the notice of appeal, but that was for the sole purpose of reflecting the rendition date of the two judgments which were appealed, as Fla.R.App.P. 9.900(a) requires as a matter of form. The mere mention of that order in the notice of appeal for the purpose of reflecting the rendition date of the judgments appealed from cannot be construed as an appeal from the said order.
For the above-stated reasons, the appellants' motion to dismiss is granted and that portion of the cross appeal which seeks review of the denial of appellee's motion for attorney's fees is
Dismissed.
NOTES
[*] Judge Ferguson participated in the decision, but did not hear oral argument.
[1] County Sanitation v. Ross, 389 So.2d 1247 (Fla. 1st DCA 1980); Safeco Ins. Co. v. Rochow, 384 So.2d 163 (Fla. 5th DCA 1980); Agrico Chem. Co. v. Department of Envtl. Regulation, 380 So.2d 503 (Fla. 2d DCA 1980); Brickell Bay Club Condominium Ass'n v. Forte, 379 So.2d 1334 (Fla.3d DCA 1980).
[2] It should be noted, however, that the defendants/appellants have, quite correctly, not challenged this court's jurisdiction to entertain that portion of the cross appeal which seeks review of the order of the trial court granting the defendants/appellants' motion for directed verdict as to count IV of the amended complaint. Plainly, we have jurisdiction to entertain this portion of the cross appeal because the granting of the subject motion for directed verdict was adverse to the plaintiff/appellee and "merged" into the final judgment and amended final judgment from which the main appeal is taken.