543 So.2d 440 (1989)
Lawrence DELLECESE, Appellant,
v.
VALUE RENT A CAR and CIGNA and FEISCO, Appellee.
No. 88-2908.
District Court of Appeal of Florida, First District.
May 23, 1989.
Rehearing Denied July 25, 1989.
Gerald T. Nolan, Fort Lauderdale, for appellant.
Rosalind R. Kalinsky of Miller, Hodges, Kagan & Chait, Deerfield Beach, for appellee Cigna.
*441 Debra Levy Neimark of Neimark & Neimark, P.A., Coral Springs, for appellee Feisco.
PER CURIAM.
On November 10, 1988, Lawrence Dellecese, claimant in the lower tribunal, timely appealed a workers' compensation order. The order sought to be reviewed granted two short periods of temporary disability benefits but rejected claims for other temporary benefits, wage loss, medical treatment for psychiatric injuries and attendant care, as the deputy found that many of the claimant's medical problems were unrelated to any industrial accident.
After the record was received, counsel for appellant sought and obtained an extension of time for service of the initial brief, and the brief was served on March 23, 1989. On March 15, however, counsel for appellee Feisco served a notice of cross appeal,[1] representing that it sought review of the award of temporary disability benefits that followed a fall suffered by appellant at a time when it was the employer's carrier. Five days later Cigna served a similar notice of cross appeal, showing that it intended to seek review of the deputy commissioner's determination that some of claimant's injuries were compensable. Appellant moved to dismiss the cross appeals as untimely and argued that he had been prejudiced by the delay in receiving notice. Appellees/cross appellants responded in opposition to the motion, relying on the well-established principle that the time for filing of a notice of cross appeal is not jurisdictional and citing to Safeco Insurance Co. v. Rochow, 384 So.2d 163 (Fla. 5th DCA 1980) and Breakstone v. Baron's of Surfside, Inc., 528 So.2d 437 (Fla. 3d DCA 1988).
Rule 4.160(d), Florida Workers' Compensation Rules of Procedure, provides that a notice of cross appeal shall be filed with the deputy commissioner within 10 days of service of the notice of appeal or within 30 days of the mailing of the order to be reviewed, whichever is later. This rule is virtually identical to Rule 9.110(g), Florida Rules of Appellate Procedure, and the decisional law regarding each is persuasive, if not controlling, with regard to construction of the two rules. Thus, we have no difficulty accepting the maxim that the times expressed in the rules for filing notices of cross appeal are not jurisdictional as announced in Safeco, Breakstone, and numerous other cases. We are not persuaded, however, that it therefore follows that an appellee has unbridled discretion to file a notice of cross appeal, without leave of court, any time before service of the answer brief. See Brickell Bay Club Condominium Association, Inc. v. Forte, 379 So.2d 1334 (Fla. 3d DCA 1980); see also Nealy v. City of West Palm Beach, 442 So.2d 273 (Fla. 1st DCA 1983) (refusing to consider appellee's attack on workers' compensation order raised for the first time in the answer brief where no notice of cross appeal had been filed).
As we find appellees failed to seek leave of this court to file untimely notices of cross appeal showing good grounds for the delay, we grant appellant's motion and dismiss the cross appeals.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] We have found little agreement among authorities as to whether "cross appeal" should be hyphenated. We accordingly adopt the spelling utilized in the Florida Rules of Appellate Procedure.