PER CURIAM.
O’Steen Brothers, Inc. (O’Steen), brought an action in circuit court naming as defendants the Florida Board of Regents (BOR) and Sun Bank of Gainesville (Bank). On October 1, 1993, the court rendered a summary final judgment in favor of O’Steen on its claim against the Bank, but against O’Steen on its claim against the BOR. The Bank filed a notice of appeal on October 27, 1993; and O’Steen filed a “Notice of Cross-Appeal,” seeking review of the adverse ruling on its claim against the BOR, on November 4, 1993.
The BOR has moved to dismiss the cross-appeal on the ground that this court lacks jurisdiction. According to the BOR, the summary judgment actually constituted two separate judgments — one in favor of O’Steen and against the Bank, and the other against O’Steen and in favor of the BOR. Therefore, O’Steen’s failure to file a notice of appeal seeking review of the judgment against it and in favor of the BOR within thirty days of rendition of the summary judgment deprives this court of jurisdiction to review the propriety of that adverse judgment. In support of its motion, the BOR relies principally upon Breakstone v. Baron’s of Surfside, Inc., 528 So.2d 437 (Fla. 3d DCA 1988), and Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058 (Fla. 3d DCA 1981).
O’Steen responds that Breakstone and Webb are distinguishable because both involved two separate judgments, whereas the present case involves only a single judgment which addresses two separate claims. According to O’Steen, because the notice of appeal filed by the Bank was clearly timely, this court’s jurisdiction was invoked at that time, and its “Notice of Cross-Appeal” was proper and timely pursuant to rule 9.110(g), Florida Rules of Appellate Procedure.
We agree that Breakstone and Webb appear to be distinguishable because both involved two separate judgments, whereas here only a single judgment was entered disposing of two separate claims. Although our research has failed to discover any prior decision directly on point, we believe that because only a single judgment is at issue here, O’Steen’s position is correct. However, we certify to the supreme court the following, which we believe to be a question of great public importance:
WHEN A SINGLE FINAL ORDER HAS BEEN ENTERED, FAVORABLE TO THE PLAINTIFF . ON A CLAIM AGAINST ONE DEFENDANT BUT UNFAVORABLE ON A CLAIM AGAINST ANOTHER DEFENDANT, MAY THE PLAINTIFF INVOKE APPELLATE JURISDICTION TO REVIEW THE UNFAVORABLE RULING BY FILING A TIMELY NOTICE OF CROSS-APPEAL TO AN APPEAL FILED BY THE LOSING DEFENDANT, EVEN IF THE NOTICE OF CROSS-APPEAL IS NOT FILED WITHIN THIRTY DAYS OF RENDITION OF THE ORDER?
The motion to dismiss is DENIED.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.